BINNS *v.* THE STATE.

CRIMINAL LAW.—*Instructions.—Alibi.*—Upon the trial of a defendant on a criminal charge, where there is evidence tending to prove an *alibi,* it is proper to instruct the jury that if, from the evidence, they have a reasonable doubt as to whether the defendant was at the place where the crime was committed, at the time, or was at the place where the evidence tends to show he was, they should find him not guilty.

SAME.—In such case it is error to instruct the jury that the defence of *alibi* is good, if proved true by witnesses worthy of credit, but does not belong to the doctrine of doubts, which entitles the defendant to be acquitted, but when established, it entitles the defendant to be acquitted upon the higher ground of innocence established.

SAME.—*Evidence.*—On a trial of an indictment for murder, it is error to admit in evidence against the defendant a transcript of the pleadings and papers in an action of divorce by the deceased against the defendant, pending in court and undetermined at the time of the alleged murder.

SAME.—*Declarations in Extremis.—Opinion not Admissible as Such.*—On a trial for murder, declarations of the deceased, made when *in extremis,* consisting of expressions of opinion as to who it was that fired the fatal shot, based on previous threats and what had previously occurred between the deceased and the accused, are inadmissible.

SAME.—Where a written memorandum of declarations made *in extremis* is not signed, parol evidence of such declarations is admissible. If signed, the writing should be produced or accounted for.

From the Howard Circuit Court.

*C. E. Hendry, M. Bell,* and *W. March,* for appellant.

*J. C. Denny,* Attorney General, *J. F. Elliott,* Prosecuting Attorney, and *N. R. Linsday,* for the State.

DOWNEY, J.—This was an indictment against the appellant, charging that on the 31st day of January, 1870, at, etc., he did unlawfully, feloniously, purposely, and with premeditated malice, kill and murder Rachel Binns, by then and there, etc., shooting her with a pistol. The indictment, as will be seen, charges murder in the first degree, and no objection is made to it. On the first conviction of the defendant, upon appeal to this court, the judgment was reversed for the refusal of the court to grant the defendant a continuance on account of absent witnesses, by whom he

claimed he could prove that he was at another place when the crime was committed. 38 Ind. 277.

On a second trial of the cause in the circuit court, the defendant was found guilty, and his punishment fixed at imprisonment for life, a new trial refused, and sentence pronounced against him. There was evidence on the part of the defendant tending to prove that he was at Kokomo, ten or twelve miles from the place where the crime was committed, at the time of its commission. The court was requested by the defendant to instruct the jury as follows :

"If the jury, when taking into consideration all the evidence, have a reasonable doubt as to whether the defendant was at the scene of the alleged shooting, at the time it took place, or was in Kokomo, they should find him not guilty."

This the court refused to do, and on this subject gave the following direction to the jury : "The defendant has offered evidence tending to prove an *alibi*, that is, that he was somewhere else at the time the wound was inflicted upon Mrs. Binns. This is a sufficient legal defence, if it is proven to be true by testimony of witnesses who are worthy of credit and entitled to be believed by you. The defence of *alibi* does not belong to the doctrine of doubts, which entitles the defendant to be acquitted. But when it is successfully established by the evidence, it entitles the defendant to an acquittal upon the higher ground of innocence established. A defendant can not be guilty of crime and be some other place at the very time of its commission, so far away as to make it impossible for him to commit the crime." The court should have given the instruction asked, and should not have given that which it gave. *French* v. *The State*, 12 Ind. 670; *Adams* v. *The State*, 42 Ind. 373 ; *Polk* v. *The State*, 19 Ind. 170.

At the time when the killing took place, there was a suit pending in the Cass Circuit Court by the deceased against the defendant for a divorce, in the petition in which she charged him with failing to provide, with cruel treatment by personal violence, by opprobrious and slanderous epithets, and

with consorting with "bad women." In that cause an injunction had been granted, a receiver appointed, and an order made and enforced against him for the payment of money to her, etc. A transcript of the papers and entries in that case was offered in evidence in this case. The defendant objected to it as irrelevant and illegal, and also objected to all of it except so much as showed the pendency of an action between the parties, and the orders and doings of the court therein. The objection was overruled, and the whole transcript was allowed to be read in evidence to the jury. We think this action of the court can not be justified. The statements in the petition for divorce were the mere *ex parte* statements of the deceased, and were no evidence against the defendant of the truth of the matters alleged therein. No judgment had been rendered upon the petition. The matters stated therein had not been found to be true, and upon no principle of law could they properly have been received as evidence against the defendant.

A question is made concerning the admission by the court of certain declarations of the deceased, made when *in extremis*. She stated that it was her husband, the defendant, who shot her. The shot was fired, it appeared, through a window, after night. She stated, that he had said he could and would shoot her through that window if she did not sign certain papers concerning some money. She did not pretend, as the witness stated, that she could or did recognize the person who shot her. The evidence of her declarations was objected to, on the ground that she was not shown to have been *in extremis* when she made them; that the circumstances of the death of said Rachel were not the subject of the declarations, but mere threats and opinions; and that it appeared that the declarations were reduced to writing, and the writing should be produced. It seems to us that the evidence shows that the deceased was without hope of recovery and apprehending almost immediate dissolution at the time she made the declarations, and that, so far as this objection is concerned, the action of the court was proper. As to the second

ground of objection, it is clear that a mere expression of opinion by the deceased would not be admissible, for that would not be received as evidence from her, if she had been testifying as a living witness on the trial. Greenleaf says: "The declarations of the deceased are admissible only to those things, to which he would have been competent to testify, if sworn in the cause. They must, therefore, in general, speak to facts only, and not to mere matters of opinion; and must be confined to what is relevant to the issue." Vol. 1, sec. 159. It is evident that the deceased, so far as her statement shows, had no reason for believing that it was her husband who shot her, except from what had previously occurred between them, and what he had then said in the form of threats. We think her statement as to previous threats was inadmissible. The same author to whom we have already referred says: "It was at one time held, by respectable authorities, that this general principle warranted the admission of dying declarations in all cases, civil and criminal; but it is now well settled that they are admissible, as such, only in cases of homicide, 'where the death of the deceased is the subject of the charge, and the circumstances of the death are the subject of the dying declarations.'" Vol. 1, sec. 156. 2 Russell Crimes, 761; Wharton Crim. Law, sec. 670. For this reason it seems to us the declarations should not have been admitted, or the court should have told the jury to disregard them. That the written memorandum of the declarations was not produced, did not require the court to exclude the parol evidence of them, if otherwise proper. The memorandum was not signed. Had it been, then it should have been produced or accounted for. 1 Greenl. Ev., sec. 161.

Several other reasons why a new trial should have been granted are stated by counsel for the appellant, but we do not deem it necessary to examine any more of them.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial; and the clerk will certify to the warden of the state prison as required by law.