### ALBIN *v.* THE STATE.

CRIMINAL LAW.—*Alibi.*—*Instruction to Jury.*—An instruction to a jury, which tends to prejudice their minds against evidence introduced by the defendant to establish an alibi, or which tends to cast suspicion upon such defence, is erroneous.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Slockslager, W. F. Jones, S. J. Wright* and *A. Stephens*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

BIDDLE, J.—The appellant was indicted with two others, for larceny committed in stealing six yards of steel mixed Jeans, and other goods. He was tried and convicted. By a motion for a new trial he has presented several questions for our decision, among them the following :

At the trial the court instructed the jury as follows :

" 7. The defendant has introduced some evidence for the purpose of showing that he could not have been present at the place where the alleged crime was committed, at the

time it was committed, because of his presence at another place at the time of the commission of the offence.

"This is usually called an *alibi*. This defence is liable to great abuse, growing out of the ease with which it may be fabricated, and the difficulty with which such fabrication can be detected. It often happens, in the recollection of ordinary events, that the day may become to be mistaken for another, as by being confounded with the preceding or following. Thus it has occurred, that the assignment of events, true in themselves, of one day, have been confounded with those of another. The evidence offered upon this subject should be carefully compared with the other evidence given in the cause, and you should ascertain how it corresponds with the account which the accused himself has given of his whereabouts on that day."

This instruction seems to have been copied from a quotation in the case of *West* v. *The State*, 48 Ind. 483, under the impression, probably, that it was approved in that case. But upon examination it will be found, that no opinion was expressed upon it, as the judgment was reversed upon another instruction. We are not prepared to approve of this instruction. It seems to us to conflict with what this court has settled upon this question. *French* v. *The State*, 12 Ind. 670; *Adams* v. *The State*, 42 Ind. 373; *Binns* v. *The State*, 46 Ind. 311; *Kaufman* v. *The State*, 49 Ind. 248; *Howard* v. *The State*, 50 Ind. 190; *Sater* v. *The State*, 56 Ind. 378.

It can not be held as a principle of law, that the defence of *alibi* is liable to great abuse, growing out of the ease with which it may be fabricated, and the difficulty of detecting the fabrication. This is not always true of such a defence. Sometimes the evidence which tends to prove an *alibi* is open, clear and direct, without any of the signs of fabrication about it. Sometimes, doubtless, it is open to suspicion. So may evidence be which tends to prove

any other fact. Law is fixed and uniform; it can not be one thing in one case, and another thing in another case, as evidence may be. We know of no rule of law which attaches a suspicion to, or fixes a blemish upon, evidence tending to prove an *alibi*, any more than it does upon evidence tending to prove any other fact. What creates suspicion against, or marks evidence with a blemish, is a question of fact, and not a rule of law; and as the court must instruct the jury upon questions of law, and not of fact, we think the court erred in giving the instruction complained of.

Other questions need not be decided.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings. The clerk will issue the proper order for the return of the prisoner.