No. 14,883.

ARCHIBALD v. THE STATE.

INSTRUCTIONS TO JURY.—*Copies of.*—*Contained in Motion for New Trial.*—
*Record.*—*Supreme Court.*—Where copies of what purport to be the in-
structions are copied into the motion for a new trial, and these copies,
as a part of that motion, are copied into the record, they will not be
regarded as instructions given by the court.

EVIDENCE.—*Dying Declarations.*— *Res Gestæ.*—Declarations in an *ante-
mortem* statement which relate to the *res gestæ,* made while the person is
suffering from a mortal wound, without the hope of recovery, are ad-
missible in evidence.

SAME.—*Ante-Mortem Statement.*—*Objection to as Entirety.*—Where such state-
ment is objected to as an entirety the objection will fail if any part of
the statement is competent evidence.

.From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for ·
the State.

BERKSHIRE, J.—The appellant was indicted for the crime
of murder in the first degree, tried and convicted of man-
slaughter, and sentenced to the female reformatory for a
term of five years.    The errors assigned are :

" 1.    The court erred in overruling appellant's motion to
quash the indictment.

" 2.    The court erred in overruling appellant's motion for
a new trial."

Counsel for the appellant do not insist upon the first al-
leged error, and therefore waive it.

There are quite a number of causes alleged in the motion
for a new trial, but the argument is limited to three of them,
which is a waiver as to the others.

Two of the reasons discussed relate to the giving and re-
fusal of instructions.

The instructions are not copied into the record, and are, therefore, not before us for consideration.

Copies of what purport to be the instructions were copied into the motion for a new trial, and these copies, as a part of that motion, are copied into the record. We can not regard these copies as the instructions that were given by the court.

The only remaining question is as to the ruling of the court in admitting in evidence the *ante-mortem* statement of the deceased.

The declarations, with one or two exceptions, related to the *res gestæ*, and were competent testimony, if the circumstances under which they were made were such as to give to them the character of dying declarations.

The evidence discloses that when the statement was written and signed, the deceased was suffering from a gunshot wound which was mortal, and from the effect of which he died in a few hours after he signed the statement; and that at the time he made the declarations it was the solemn conviction of his mind he could live but a very short time.

There is nothing in the circumstances proven to indicate that the deceased had even a lingering hope of recovery.

We are of the opinion that the declarations contained in the statement which related to the *res gestæ* were competent. *Morgan* v. *State*, 31 Ind. 193; *Binns* v. *State*, 46 Ind. 311; *Montgomery* v. *State*, 80 Ind. 338; *Wall* v. *State*, 51 Ind. 453; *Jones* v. *State*, 71 Ind. 66. The statement was objected to as an entirety.

If it had been limited to such declarations as did not relate to the *res gestæ*, and the court had overruled the objection and admitted the statement as a whole, then a different question would be presented.

The question is much the same as where an objection is made to the entire evidence of a witness contained in a deposition where a part of the testimony is competent.

It would be error to suppress the entire deposition, and

the court would not be required to look through the deposition to find the incompetent testimony.

The court committed no error in admitting the *ante-mortem* statement.

We find no error in the record.

Judgment affirmed.

Filed Feb. 8, 1890.