DAVY ET AL. *v.* STATE OF INDIANA.

[No. 24,559. Filed July 2, 1924.]

INTOXICATING LIQUORS.—*Transporting.*—*Statutes.*—*Repeal by Implication.*—The acts of 1923 (Acts 1923 p. 108) making transportation of intoxicating liquors in a motor vehicle a felony, did not impliedly repeal the act (Act 1923 p. 70) passed by the same legislature making transportation by any means a misdemeanor, since the two acts are not repugnant, but are auxiliary and *in pari materia,* and must be construed together.

From Hendricks Circuit Court; *Zimri E. Dougan,* Judge.

Prosecution by the State of Indiana against William J. Davy, Daniel J. Sullivan and Virgil Nation for transporting intoxicating liquors. From a judgment of conviction, the defendants appeal. *Affirmed.*

*Holmes & McCallister,* for appellants.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—Appellants were convicted of a charge of unlawfully transporting intoxicating liquor in violation of chapter 23 of the acts of 1923 (Acts 1923 p. 70), which makes such an act a misdemeanor.

The only error assigned is in the overruling of a motion to quash the affidavit.

In the case of *Asher* v. *State* (1923), 193 Ind. 479, we held a similar affidavit sufficient.

Appellants insist that said chapter 23 of the acts of 1923 (Acts 1923 p. 70) was repealed by chapter 34 of the acts of the same legislature (Acts 1923 p. 108).

We do not so construe said later act. Chapter 23 makes it a misdemeanor to unlawfully transport intoxicating liquor by any means, while chapter 34 makes it a felony to unlawfully transport it in a motor vehicle, etc.

The later act does not cover the whole subject-matter of transportation of liquor and does not repeal the former act by implication. The two acts are not repugnant, but are auxiliary and *in pari materia* and should be construed together.

It would appear that the later act was passed because the legislature evidently considered it a more serious offense to use a vehicle in such transportation, on account of the opportunity to engage in the traffic more extensively, but it does not indicate an intention on the legislature's part to repeal the first act and make all transportation lawful except when a vehicle is used. See, *Volderauer* v. *State* (1924), 143 N. E. (Ind.) 674.

No error was committed in overruling the motion to quash the affidavit.

Judgment affirmed.