### BURNETT ET AL v. STATE OF INDIANA

[No. 24,710.   Filed February 16, 1927.]

1. INTOXICATING LIQUORS.—*Statute of 1923 making transportation of intoxicating liquor in a vehicle a felony was not invalid.*—The act of 1923 (Acts 1923 p. 108) relating to the transportation of intoxicating liquor in automobiles or other vehicles was not invalid because the title did not mention the transportation of such liquor.   p. 51.

2. INTOXICATING LIQUORS.—*Affidavit charging transportation of intoxicating liquor in automobile held sufficient.*—An affidavit charging the transportation of intoxicating liquor in automobile in violation of Acts 1923 p. 108 was not subject to a motion to quash because of the invalidity of the statute.   p. 51.

3. CRIMINAL LAW.—Evidence procured by an officer by an unlawful search and seizure is not admissible against a defendant.   p. 52.

4. ARREST.—*Arrest for felony, when may be made.*—A peace officer may arrest without a warrant where he has reasonable and probable cause for believing that a felony is being or has been committed at the time the arrest is made.   p. 52.

5. SEARCHES AND SEIZURES.—When a search was unlawful to begin with, it is not made lawful by that which afterward takes place.   p. 54.

6. ARREST.—*Officers held justified in arresting defendants for the felony of transporting intoxicating liquor in an automobile and in searching the machine without a warrant.*—Where police officers, with information that the defendants were committing the felony of transporting intoxicating liquor in an automobile, found the defendants in possession of a truck on a certain highway, the same being loaded with tin cans, cartons, sacks and packages, which gave off the odor of intoxicating liquor, they were justified in believing that the truck contained intoxicating liquor, which was being unlawfully transported in a vehicle, and hence were justified in arresting the defendants and searching the vehicle without a warrant.   p. 54.

7. CRIMINAL LAW.—*Evidence obtained by search without a warrant held admissible.*—Evidence obtained by a search without a warrant, of a truck which the defendants had been driving over a highway

was admissible, where the officers were justified in the belief that the truck contained intoxicating liquor and arrested the accused for feloniously transporting such liquor before making the search.   p. 54.

8.  CRIMINAL LAW.—*Finding of guilt will not be disturbed on appeal if there is any evidence to sustain the finding.*—Where there is some evidence to sustain the finding of the trial court that the defendant was guilty of the charge against him, the Supreme Court will not disturb the finding.   p. 54.

From Marion Criminal Court (56,313); *James A. Collins,* Judge.

Joseph Burnett and others were convicted of transporting intoxicating liquor in an automobile, and they appeal.   *Affirmed.*

*Emsley W. Johnson, Asche & Spaan* and *W. F. Elliott,* for appellants.

*U. S. Lesh,* Attorney-General, for the State.

WILLOUGHBY, J.—This was a prosecution by the State of Indiana on an affidavit charging the appellants with transporting intoxicating liquor in an automobile in violation of an Act Concerning Intoxicating Liquors and declaring an emergency, being ch. 34, Acts 1923 p. 108.

Each of the appellants filed a separate motion to quash the affidavit and also a motion to suppress certain evidence alleged to have been obtained by unlawful search and seizure.   The appellee filed a general denial to the motion to suppress the evidence and a preliminary hearing was held and evidence introduced on that issue. The court overruled each of said motions to suppress evidence, and proper exceptions were taken.   The court overruled the motion of appellants to quash the affidavit, to which each of the appellants duly excepted.   The court then heard the evidence on the several pleas of not guilty and found all the defendants guilty as charged and rendered judgment pursuant to said finding, from which judgment, this appeal is taken.

The appellants filed a separate and several motion for a new trial which was overruled and exceptions duly taken by each of them.    The errors relied on by each of the appellants for reversal are the following:    (1) Error of the court in overruling the motion of appellants and each of them to quash the affidavit; (2) error of said court in overruling the motion of appellants and each of them to suppress evidence obtained by unlawful search and seizure; (3) error of said court in overruling the separate and several motion of appellants for a new trial.

Each of the appellants filed a motion to quash the affidavit for the reason that the facts stated therein do not constitute a public offense, because the statute under which said affidavit is drawn is uncertain and void in so far as it relates to the transportation of intoxicating liquor, for the reason that the title of the act makes no mention of the transportation of intoxicating liquor, nor any mention of penalties for the violation of its provisions; (2) that said act is void under Art. 4, §19 of the Indiana Constitution which provides that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; (3) that the subject-matter and general character of the act are not fairly expressed in the title of said act; (4) that the same session of the legislature passed an act making the transportation of intoxicating liquor a misdemeanor and the statute under which this affidavit is drawn makes the transportation of such liquor a felony, that the two are inconsistent and in conflict and therefore void.

These objections to the affidavit raised by these appellants upon their motion to quash have been sufficiently answered adversely to the contentions of 1, 2. appellants by the decisions of this court.    See *Davy* v. *State* (1924), 195 Ind. 74, 144 N. E. 532; *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407;

*Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Gafill* v. *Bracken, Auditor* (1924), 195 Ind. 551, 145 N. E. 312; *Haverstick* v. *State* (1925), 196 Ind. 145, 147 N. E. 625. The court did not err in overruling the motion to quash the affidavit.

The appellants claim that the court erred in overruling their separate and several motion for a new trial. Questions presented by that motion are, that the finding of the court is contrary to law, and the finding of the court is not sustained by sufficient evidence. It is claimed that the finding of the court is not sustained by sufficient evidence because the only evidence tending to support the finding is evidence procured by unlawful search and seizure and in violation of appellants' constitutional rights. Each appellant claims that the evidence procured by the search and seizure of the Dodge truck should not have been admitted in evidence against these appellants because this evidence was procured by unlawful search and seizure in violation of their rights under the Constitution of the State of Indiana.

In this case, the officers had no warrant for the arrest of the defendants or either of them and they had no search warrant authorizing them to search the automobiles in possession of appellants, when arrested. Evidence procured by an officer by unlawful search and seizure is not admissible against a defendant. *Batts* v. *State* (1924), 194 Ind. 609, and cases there cited. But it has been held that a peace officer may arrest without warrant where he has reasonable and probable cause for believing that a felony is being or has been committed by the person arrested. *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850. The question then presented is, did the officers have reasonable and probable cause for believing that a felony had been committed or was being committed at the time the arrest was made? *Boyd* v. *State* (1926), 198 Ind. 55, 152 N. E.

278; *Thomas* v. *State, supra*; *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; §2176 Burns 1926.

The evidence on the issue raised by the motion to suppress evidence is substantially as follows: A lieutenant in the police department of Indianapolis testified that he and two other officers arrested the appellants. That he had information that the defendants were committing a felony before he arrested them. He says that, when they were arrested, it was about 11:30 on the night of March 12, 1924. That they were coming east on the Crawfordsville road near the girls' school. Joe Burnett was driving a Marmon car and Lawrence Burnett was sitting beside him in it, and Frank Wolfla was steering a Dodge truck which the Marmon car was towing. The truck was closed in the back and on two sides but in front you could see over the seat to the back of it. That he smelled intoxicating liquor before the arrest was made and before they entered the car. Saw no glass bottles of liquor but smelled odor of liquor coming from the car. The witness says he is familiar with the odor of intoxicating liquor and that this liquor was intoxicating liquor.

The court then overruled the motion to suppress evidence and the trial of the cause was entered upon without a jury. In the trial, three officers, members of the police department of Indianapolis, who participated in the arrest, testified. The testimony of these officials was, in substance, that the police had information that appellants were committing a felony. That the officers found the appellants on the Crawfordsville road opposite the girls' school, in a public highway, in Marion county, Indiana, where the arrest was made. The testimony of these officers was substantially the same as that given on the motion to suppress evidence. That before the arrest was made, they could see in the car and saw tin cans and smelled the odor of liquor, and one of

them said it was the odor of whiskey. This happened when they were on the ground and before any arrest had been made. The appellants were then arrested and, in the Dodge truck, the officers found fifty-six cans of grain alcohol.

The offense for which these appellants were arrested in this instance was a felony. Acts 1923, ch. 34, p. 108.

5. The question arising upon the evidence above set out is whether such evidence is sufficient to show that the officers searching the vehicles and arresting appellants were justified upon a belief reasonably arising out of the circumstances known to the seizing officers that the automobiles which were searched contained that which by law is subject to seizure and destruction. The arrest in this case was made before the search and the cause for the arrest must have been known to the officers before such search. Where the arrest or search is unlawful to begin with it is not made lawful by that which afterwards takes place. *Batts* v. *State, supra; United States* v. *Slusser* (1921), 270 Fed. 818; Cornelius, Search & Seizure §27, p. 90.

In the instant case, the appellants were found on a public highway in possession of a Marmon car which was towing a Dodge truck. The officers saw that the

6-8. Dodge truck was loaded with five-gallon tin cans, cartons, sacks and packages. And they say they smelled the odor of intoxicating liquor emanating from the truck. Upon this state of facts, the trial court concluded that the officers arresting the appellants and searching the vehicle were justified upon a belief reasonably arising out of such circumstances shown in the evidence that the truck contained intoxicating liquor which was being transported somewhere upon such public highway. There is some evidence to sustain such finding of the trial court and this court will not disturb the finding of facts so made. *Shade* v. *State* (1925), 196

Ind. 665, 149 N. E. 348. We therefore conclude that it was not error to overrule the motion to suppress the evidence. *Thomas* v. *State, supra; Haverstick* v. *State, supra; Snedegar* v. *State* (1926), 198 Ind. 182, 150 N. E. 367; *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97; *Shade* v. *State, supra.* And it follows from what we have said that such evidence was properly admitted upon the trial of the cause. There was no error in overruling the motion for a new trial. We find no error in the record.

Judgment affirmed.