ASHER *v.* STATE OF INDIANA.*

[No. 25,089.   Filed October 30, 1929.]

*Reported and annotated 67 A. L. R. 118, 122.

*Richard L. Ewbank* and *Walterhouse & Miller*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of the offense of transportation of intoxicating liquor in an automobile. The prosecution was commenced by indictment returned January 31, 1925, in the Delaware Circuit Court of Delaware County, State of Indiana. The charging part of the indictment alleges that "one Court Asher, late of said county on or about the 30th day of June, 1923, at and in the county of Delaware, State of Indiana, did then and there unlawfully and feloniously haul and transport intoxicating liquor in an automobile, then and there being operated and driven by the said Court Asher."

The appellant was arraigned and filed a motion to quash the indictment, the grounds of which motion were as follows: (1) The facts stated in the indictment do

not constitute a public offense; (2) the indictment does not state the offense with sufficient certainty. This motion was overruled and appellant excepted to such ruling. The appellant then entered a plea of not guilty. A trial by jury resulted in a verdict of guilty, and upon this verdict judgment was rendered. A motion for a new trial was overruled and this appeal taken.

The appellant alleges that the court erred in overruling appellant's motion to quash the indictment. This indictment is based upon ch. 34 of the acts of the Legislature of 1923, Acts 1923 p. 108. This act has been construed by this court in *Davey* v. *State* (1924), 195 Ind. 74, 144 N. E. 532; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; and *Frey* v. *State* (1925), 196 Ind. 359, 147 N. E. 279. The decision in each of these cases was adverse to appellant's contention. The court did not err in overruling the motion to quash.

It was the contention of the appellant that this prosecution was based on ch. 23 of the acts of 1923, and, proceeding upon that theory, the appellant moved to modify the judgment. The motion to modify the judgment alleged that the punishment should be for a misdemeanor as described in ch. 23 of said acts of 1923, and not for the felony described in ch. 34. The contention that the offense charged in the indictment in this case is a misdemeanor and not a felony is erroneous. *Simpson* v. *State, supra.* There was no error in overruling the motion to modify the judgment.

In his motion for a new trial, the appellant contends that the court erred in the admission and rejection of evidence, and in instructions given to the jury by the court of its own motion.

Winfield S. Dillon, a police officer of the city of Muncie, Indiana, testified: "I know Court Asher. Have known him over two years. Saw him two years

ago today on the Middletown Pike. It was southwest of the city of Muncie, on the Middletown Pike, about two miles or two and a half miles out, about 200 feet south of the jog of the pike near the end of the brick pavement, about 4:55 o'clock in the afternoon. Raymond Warner was with me and a colored fellow by the name of Peyton. From there we went to a point on Third Street in the city of Muncie. I had an engagement with Asher to meet him at Buck Creek bridge about 5 o'clock. We got there ahead of time about 10 minutes. He was driving an automobile and it was on a public highway. Mr. Peyton got out and walked over to Asher's car and handed him $7.00, and Asher handed him a half-gallon jar of white whisky. Asher didn't get out of the car. Peyton brought the liquor over there and handed it to me and I set it down in front of the car. That was in Delaware County, State of Indiana. This occurred on the 30th day of June, just about nineteen days after I became a policeman. I didn't arrest the appellant, he was not arrested for over five months and he was not indicted in this case for eighteen months."

On cross-examination, witness said he was not drunk in particular, and Peyton was not drunk, "I didn't give him enough." The other fellow was not drunk because "I didn't let him drink enough."

Other witnesses testified for the State, and all the evidence offered by the State fixed the time and place of the commission of the offense alleged in the indictment on the 30th day of June, 1923, about 5 p. m., on the Middletown Pike, southwest of the city of Muncie, two and one-half miles out, near the end of the brick pavement, in the State of Indiana. The defendant introduced a number of witnesses who testified that, at the time this offense was shown to have been committed, according to the evidence adduced by the State, the defendant was in Columbus, Ohio, and had been there for several days and

remained there for at least two days after the commission of the offense alleged in the indictment, and as shown by the testimony of the State's witnesses.

The appellant contends that the court erred in giving to the jury instructions Nos. 4 and 5, given by the court of its own motion. Instruction No. 4 is as follows: "The court instructs you that an alibi when established furnishes a defense because a man can not be in two places at one and at the same time, but it is your duty to examine such evidence carefully to determine its truth or its falsity."

Instruction No. 5 is as follows: "The court instructs the jury that if you believe from the evidence in this case that the plea of alibi was not interposed in good faith or that the evidence to sustain it is false and fraudulent, then that is a discrediting circumstance which you may consider in connection with all of the other evidence in determining the guilt or innocence of the defendant."

It is contended by the appellant that these instructions are erroneous because they discredit the evidence offered by him in behalf of his defense. In a criminal case, an alibi is a complete defense, and if upon the whole evidence in the case the jury entertains a reasonable doubt as to whether the defendant was at the time and place alleged in the indictment and proved by the evidence, then it is the duty of the jury to acquit. In order to sustain an alibi, it is not necessary for the jury to find as a fact that the defendant was not in the place of the commission of the crime at the time it was committed. The defendant in a criminal case is never required to establish any fact which would entitle him to an acquittal by any degree of evidence, but if, upon the whole evidence, the jury entertains a reasonable doubt of his guilt, then it is the duty of the jury to acquit. *Lehr* v. *State* (1927), 199 Ind. 280, 157 N. E. 98.

In *Line* v. *State* (1875), 51 Ind. 172, the court held that

it is error to instruct the jury on the trial of a criminal case that evidence of an alibi is evidence of a suspicious character.

In *Sater* v. *State* (1877), 56 Ind. 378, it is held that an instruction to the jury, on the trial of a defendant in a criminal case, in relation to uncontradicted evidence offered by him to establish an alibi, tending to cast a suspicion on such evidence, is erroneous. Evidence of an alibi introduced by a defendant should be subjected to the same, and no other test, that evidence of any other material fact is subjected to.

In *Albin* v. *State* (1878), 63 Ind. 598, the court said: "We know of no rule of law which attaches a suspicion to, or fixes a blemish upon, evidence tending to prove an alibi, any more than it does upon evidence tending to prove any other fact."

The trial court should not in any manner in its charge to the jury disparage or cast suspicion upon any legitimate defense interposed in an action, such as the defense of insanity, self-defense, or alibi, nor upon any class of legitimate evidence offered to support a defense. Ewbank, Crim. Law (2nd ed.) §589.

These instructions, Nos. 4 and 5, given by the court of its own motion, are clearly erroneous and harmful to the appellant and require a reversal of the judgment. Several other questions are assigned as error in appellant's motion for a new trial and discussed in his brief, but as the judgment must be reversed for error in giving said instructions Nos. 4 and 5, and as the other questions discussed will probably not arise in a subsequent trial of the cause, it is not necessary to consider them in this opinion.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.