STATE *v.* FRED PILON.

October Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*Wm. R. McFeeters* for the respondent.

*A. B. Rowley,* State's attorney, for the State.

POWERS, C. J. Acting on a "tip" that the respondent was on the road with intoxicating liquor in his car, the chief of police of the city of St. Albans went to a place outside that city and waited for him. When his car approached, the officer stopped it; and, without a warrant or other precept, he searched the car and found a small bottle of liquor in it. Then, noticing a bulging of the respondent's coat, he searched him and found and seized several bottles of liquor that were in the pockets of his clothing. Thereupon, he arrested the respondent and a complaint was brought against him ·for unlawful possession and unlawful transportation. At the trial in the city court of St. Albans, the respondent was convicted and sentenced. He excepted.

The principal question in the case is raised by the exception saved when the court admitted in evidence the liquor found on the respondent's person. For the purposes of this discussion, we assume, as the respondent contends, that the search of the respondent was in violation of the protection afforded him by our Bill of Rights, Art. 11, which declares that "the

people have a right to hold themselves, their houses, papers and possessions, free from search and seizure.'' This assumption strips the officer of all legal justification and stamps his search and seizure as illegal from the beginning. Such illegal acts are not and cannot be legalized by what is found, though it be contraband. *Burnett* v. *State,* 199 Ind. 49, 155 N. E. 209, 211; *Byars* v. *United States,* 273 U. S. 28, 71 L. ed. 520, 47 Sup. Ct. 248.

██ But this does not put the trial court in error. The evidence was admissible. This rule has been so many times applied by this Court, and has been so recently considered and approved, that we are not at all inclined to change it. At the very last term of this Court, in *State* v. *Stacy,* 104 Vt. 379, 160 Atl. 257, 266, upon a consideration of our previous holdings and other authorities therein referred to, and for the reasons therein specified, we reaffirmed the admissibility of evidence unlawfully obtained. This doctrine is supported by the great weight of authority, though it is contrary to the holdings of the Supreme Court of the United States, which, of course, are not binding upon us, since they are made under the federal Constitution, while ours are made under our own Constitution. *State* v. *Stacy, supra.* Our rule has, perhaps, no clearer or more convincing defense than is found in *People* v. *Defore,* 242 N. Y. 13, 150 N. E. 585, wherein Mr. Justice Cardozo re-examines the whole subject and adheres to the rule previously adopted in New York, which is in harmony with our own.

██ There is nothing further to be considered. The only other point briefed by the respondent relates to the method of obtaining the information on which the officer acted, but inasmuch as we have assumed that he acted unlawfully, any error in the exclusion of the evidence was harmless.

*Judgment that there is no error in the record and that the respondent takes nothing by his exceptions. Let execution be done.*