## THOMPSON *v.* STATE OF INDIANA

[No. 27,987. Filed December 13, 1944.]

*Gene Williams* and *Long & Long,* all of Muncie, for appellant.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Deputy Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

---

O'MALLEY, C. J.—The appellant was charged with the crime of robbery in Delaware County, Indiana, under § 10-4101, Burns' 1942 Replacement, § 2416-1, Baldwin's Supp. 1941.

Upon arraignment the appellant entered a plea of not guilty and thereupon filed notice of his intention to rely upon a defense of "alibi." The time and place of the offense were then fixed and a statement was filed by the appellant setting forth his whereabouts during the time so fixed.

At the trial the prosecuting witness testified as to the identity of the appellant. She likewise testified that `

she selected a picture from three photographs submitted to her by the police, and that the one so selected was a picture of the appellant. The State also produced a number of police officers who testified as to the submission of the pictures and what was said by the prosecuting witness in regard to them, and also testified that on the morning following the alleged crime, the prosecuting witness identified the appellant as the man who had robbed her. This testimony related what was alleged to have been said and to have taken place at the jail in the City of Muncie on the morning after the alleged crime. At the jail the appellant and other persons were on one side of a partition and on the other side were police officers and the prosecuting witness. The partition was so constructed that it contained a glass which enabled the prosecuting witness to see the appellant and other persons but the appellant was unable to see the prosecuting witness and the police officers. All of this evidence was introduced before the prosecuting witness testified and over the objection of the appellant.

It has long been the rule that where a witness is impeached by evidence of statements made out of court contradictory to those made in court on the witness stand, it is permissible on rebuttal to introduce evidence of statements made at or about the time of the impeaching statements and in harmony with the statements or testimony given on the witness stand. *Coffin* v. *Anderson* (1837), 4 Blk. 395. In that case on page 399 Judge Blackford said:

> "If the witness has not been impeached, by proof of his having previously made statements inconsistent with his testimony, there seems to us to be no sufficient reason for the introduction of the corroborating evidence. But it is otherwise, if the witness has been thus impeached; it appears then to be proper to give the party who called the witness an opportunity to support him, by proving

that the witness had, on other occasions, stated the facts to be as he represents them in his testimony."

The question in the above case involved the refusal of the trial court to permit corroborating evidence after the impeachment of the witness. To the same effect are the cases of *Brookbank* v. *The State, ex rel. Murphy* (1876), 55 Ind. 169, and *Carter* v. *Carter* (1881), 79 Ind. 466.

In the case of *Shoecraft* v. *The State* (1894), 137 Ind. 433, 36 N. E. 1113, the court permitted the prosecuting witness and another to testify as to what the prosecuting witness said concerning a robbery. He claimed to have been robbed of his watch and money, and that the defendant and his two companions had done the robbing. The lower court admitted this on the theory that it was part of the *res gestae,* but this court held that it was not a part of the *res gestae,* and was improperly admitted.

The case of *Tyrrel* v. *State* (1912), 177 Ind. 14, 97 N. E. 14, was a prosecution for statutory rape of a child seven (7) years of age. The prosecution was commenced before the mayor of Connersville and the testimony of the prosecuting witness was taken down by a stenographer. At the trial in the circuit court the appellant called the stenographer as a witness in order to impeach said prosecuting witness. The State, on cross-examination of the stenographer, was permitted, over the objection of the appellant, to read in evidence all of the testimony given at the preliminary hearing by the prosecuting witness. This was held to be error because the court did not restrict the admission of the prior statements to that which was in harmony with the testimony which had been contradicted. To the same effect is *Hicks* v. *State* (1905), 165 Ind. 440, 75 N. E. 641. See *People* v. *Seppi* (1917), 221 N. Y. 62, 116 N.

E. 793; *Murphy, alias Jones* v. *The State* (1899), 41 Tex. Cr. R. 120, 51 S. W. 940; *Turman* v. *The State* (1906), 50 Tex. Cr. R. 7, 95 S. W. 533; *State* v. *Baldwin* (1927), 317 Mo. 759, 297 S. W. 10; *State* v. *Houghton* (1903), 43 Ore. 125, 71 P. 982.

In *State* v. *Baldwin, supra,* there also was involved evidence of an identification by photograph, and this evidence was placed in the same category as the evidence of statements made in the absence of the defendant.

In *Jacoby* v. *State* (1932), 203 Ind. 321, 180 N. E. 179, the prosecuting witness was allowed to testify that he had examined pictures of men at the police station; that one resembled the appellant; that two weeks after he was robbed he saw the appellant coming up the steps of the Indianapolis Police Station and thereupon turned and told one Mr. Lininger that "there was the man coming up the steps." This court declared that the admission in evidence of the declarations of the prosecuting witness which were made in the absence of the accused was improper, and reversed the judgment of the lower court. See 70 A. L. R. 910.

We are not unmindful that in Wigmore on Evidence (3rd ed.) Vol. 4, p. 208, § 1130, it has been stated that it is proper for the state to prove prior identification of the accused although there has been no impeachment. The reasoning seems to be that this evidence should be confined to a time when the suggestions of others could not have intervened to have created a false recognition of the accused. We are not impressed with the opinion of the author to the effect that identification needs corroborating evidence when there is no impeachment of the identifying witness. The admission of this evidence constitutes reversible error.

Another question in regard to the refusal to give

instructions was presented, and since this same question may arise in a future trial, it seems proper to give it some attention.

The appellant insists that the court should have given instructions numbered one (1) and seven (7) tendered on behalf of the appellant. These instructions were both on the defense of "alibi," and were covered by the court's own instruction number eleven (11), excepting that the court omitted the word legitimate from its statement that an alibi is a defense. Of course this defense is legitimate and complete, but the issue and the evidence to support it cannot be singled out and placed in a special class by the court at the request of either party. Such evidence should be subjected to the same tests as may be applied to evidence on any other material fact. *Asher* v. *State* (1929), 201 Ind. 353, 168 N. E. 456; *Line* v. *State* (1875), 51 Ind. 172.

If by adding the word "legitimate" the defendant meant thereby to place special emphasis on this particular defense, the request was improper, while if it did not qualify or emphasize the character of the defense, it was harmless to refuse it. The refusal to give these instructions did not constitute error.

This judgment is reversed with instructions to sustain appellant's motion for a new trial.

Note.—Reported in 58 N. E. (2d) 112.