ROBERT L. VICORY *v.* STATE OF INDIANA.

[No. 973S185. Filed September 13, 1974.]

*Robert Howard Brown,* and *William G. Smock,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged by affidavit in two counts: Count One, kidnapping; Count two, rape. Trial by jury resulted in a verdict of guilty on both counts. Appellant was sentenced to life imprisonment for kidnapping and for imprisonment from two to twenty-one years for rape.

The issues in this case are: 1) Did the trial court commit reversible error in allowing the prosecuting witness to identify the appellant as her attacker over appellant's objection that her in-court identification was tainted by improper pre-trial identification procedures. 2) Was the verdict of the jury supported by sufficient evidence. 3) Did the trial court commit error in amending one of appellant's instructions over appellant's objection.

We affirm the trial court.

The record in this case discloses the following facts:

On September 29, 1972, the prosecuting witness, who was a fourteen-year old high school girl, was forced into a car at gun-point in Clinton, Indiana, at about twenty minutes 'til twelve noon. The kidnapper drove with the girl through the town of Clinton and out onto a country road. While driving on a blacktop rural highway at approximately sixty miles an hour, the kidnapper fired the pistol which he was holding, after which he remarked, "Look what I did to my brother's car."

The victim stated that she then observed a bullet hole in the dash of the automobile.

The kidnapper then drove to an unpaved country lane where he forcibly disrobed the victim and raped her. He then permitted her to dress, drove her back to Clinton and released her from the automobile.

She was taken almost immediately by her father to the police station where she gave a detailed description of her assailant and the automobile which he used. She also stated that the gun which her assailant was using was gold-plated.

On November 9, 1972, police officers had occasion to question the appellant as a result of a domestic quarrel and in the course of their questioning discovered that he was the owner of a gold plated gun. Further investigation led them to believe that he had committed the kidnapping and the rape.

The police showed the victim the gold-plated gun and took

her to view an automobile which was registered in appellant's wife's name. The car fit the description by the victim of her assailant's car. She identified the vehicle as the one in which she had been raped and pointed out the bullet hole in the dash board, which she had mentioned previously. In the trunk of the car, which was opened by appellant's wife for police officers, there was a two foot square box containing various colored wires protruding from it, which was identified by the victim as a box which she had seen in the back seat of her assailant's car at the time of the attack and which she had mentioned to police at the time of her initial statement to them.

The victim was then taken to the jail where she was first shown a picture of the appellant, which she identified as a picture of her assailant. She was then taken to see the appellant in a jail cell and again identified him as her assailant.

Appellant first claims the trial court committed reversible error in permitting the victim to give in-court identification of the appellant, claiming that such in-court identification was tainted by the improper pre-trial identification procedures.

Appellant is correct in his observation that the pre-trial identification was improper. The United States Supreme Court has stated in several cases, including *United States* v. *Wade* (1967), 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, their departure from the original rule that the manner of an extra-judicial identification affects only the weight, but not the admissibility of identifying testimony at the trial. In these recent cases the Court has adopted the principle of law that in-court identification must not be tainted by prior extra-judicial identifications where the accused has been singled out by authorities and a strong suggestion made to the witness that he is the person who committed the crime. Certainly, in the case at bar the conduct of the officers gave rise to such a suggestion as to appellant's identity. However, following the decision in *Wade* and related cases, the United States Supreme Court decided the case

of *Simmons* v. *United States* (1968), 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967. In the *Simmons* case the Court first reviewed its prior holdings regarding identification and then stated:

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eye-witnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparabe misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 US 293, 301-302, 18 L. ed. 2d 1199, 1206, 87 S. Ct. 1967, and with decisions of other courts on the question of identification by photographs." *Simmons* v. *United States*, 390 U.S. at 384.

Following *Simmons,* the United States Supreme Court further clarified the application of *Stovall* and related cases, and in so doing stated:

"We turn, then, to the central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil* v. *Biggers* (1972), 409 U.S. 188, 199, 34 L. Ed. 2d 401, 93 S. Ct. 375.

In the case at bar the victim was with the appellant for over half an hour in broad daylight, under circumstances in which she had every opportunity to observe him in detail. She not only observed the appellant, but observed the vehicle in which she was abducted. Immediately after the crime she gave detailed descriptions of her abductor, his automobile, and the gun he used in the kidnapping. A gun fitting her description was found in the possession of the appellant. A vehicle owned by appellant's wife fit the description of the vehicle in which the victim was kidnapped and raped, including the presence of a bullet hole in the dashboard of the car.

At appellant's trial the prosecuting witness testified at great length, both on direct and cross-examination. For a fourteen-year old girl she showed remarkable consistency in her positive identification of the appelant. There is nothing to indicate that the improper actions on the part of the police officers in any way influenced her in-court identification of the appellant.

We, therefore, hold the court did not err in permitting such in-court identification of the appellant by his victim.

Appellant next claims the trial court erred in that the verdict of the jury was not supported by sufficient evidence. In this he specifically refers to the fact that the victim was only a fourteen-year old girl, and that she should not be believed in the face of testimony by appelant's wife and his sister that he was at home at the time of the alleged kidnapping and rape. As this Court has stated on numerous occasions, we will not weigh the evidence. The question of which witness to believe and which witness not to believe was within the province of the jury. They chose to believe the testimony of the victim of the crime and to disbelieve the testimony of appellant's wife and sister. We will not disturb the jury's finding of fact.

The entire record has an abundance of evidence to support the finding of the jury.

The appellant next claims the trial court erred when it amended one of his instructions. His instruction prior to the amendment read:

"Members of the jury, it is a fundamental rule of criminal law that all doubts must be resolved in favor of the innocence of the accused."

The court amended this tendered instruction to read:

"Members of the jury, it is a fundamental rule of criminal law that all reasonable doubts must be resolved in favor of the innocence of the accused."

Appellant has cited several cases, including *Goodloe* v. *State* (1967), 248 Ind. 411, 229 N.E.2d 626, 11 Ind. Dec. 164, and *Asher* v. *State* (1929), 201 Ind. 353, 168 N.E. 456, for the proposition that all doubts must be resolved in favor of the innocence of an accused. With this we agree. However, this is not to say that the trial court erred by inserting the word "reasonable" in appellant's tendered instruction. In the *Asher* case cited by the appellant, the Court in fact used the words "reasonable doubt" in setting out the principle of law here claimed. Certainly the word "reasonable" could in no way mislead the jury. We cannot say that an unreasonable doubt in the mind of jurors should be used in making their decision, whether it be in support of guilt or innocence.

We, therefore, hold that the instruction as modified by the trial court was correct.

The trial court is affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 315 N.E.2d 715.