Burl B. Taylor *v.* State of Indiana.

[No. 2-774A176. Filed July 8, 1975.]

*Mark W. Shaw,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

Garrard, J.—After trial by the court, appellant Taylor was found guilty of assault and battery with intent to commit the felony of robbery. We affirm the conviction.

The evidence favorable to the state discloses that at about midnight on December 29, 1973, Taylor appeared at the residence of Lewis Davis in Indianapolis and inquired about a man who had formerly lived there. Davis admitted Taylor since it was cold outside. He told Taylor where the former resident had gone and then as he turned to go to the kitchen, Taylor struck him with a blackjack knocking him out. Mattie Trimble, a guest at the Davis residence, also identified Taylor as the man who then struck her and knocked her out. When

Davis regained consciousness, he discovered that $64 was missing from his wallet.

On appeal Taylor first asserts error in the failure of the court to exclude the testimony of Lewis Davis identifying him as the assailant because three hours after the event Davis was taken to the vicinity of North and Senate Streets where Taylor had been apprehended. He there identified Taylor from a group of six or seven men as his assailant. The men all had the same general appearance and according to the testimony, nothing unduly suggestive was done to single out Taylor. In addition, Davis testified to the extensive opportunity he had to observe Taylor immediately before the assault and that he was able to identify Taylor apart from seeing him at the identification on the street. Under these circumstances no harmful error was committed in allowing the evidence. *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798; *Vicory* v. *State* (1974), 262 Ind. 376, 315 N.E. 2d 715; *Frasier* v. *State* (1974), 262 Ind. 59, 312 N.E.2d 77.

Furthermore, contrary to Taylor's assertion, his 6th Amendment right to counsel was not infringed by this identification held upon his apprehension and soon after the commission of the crime. *McPhearson* v. *State* (1970), 253 Ind. 254, 253 N.E.2d 226; *Lewis* v. *State* (1969), 252 Ind. 454, 250 N.E. 2d 358.

He also claims error in the court's refusal to allow him to conduct "redirect examination on preliminary questions". Taylor's counsel asked preliminary questions of Davis in his effort to keep out the identification testimony. When he was through, the prosecutor asked further questions of the witness establishing the independent basis for the identification. When Taylor's counsel then indicated his desire to ask further preliminary questions, the court denied the request. Taylor argues that preliminary questions are in the nature of cross examination and that therefore the court denied his due process right to cross examine the witnesses against him.

This argument misconstrues the nature and purpose of preliminary questions.

Ordinarily during the trial the opponent of a witness may not examine the witness until the proponent has completed his direct examination. However, since it is the function of the court to determine the admissibility of evidence, and in so doing to make a preliminary fact determination on the application of the rules of evidence to the matter at hand, the court may permit counsel opposing the witness to ask preliminary questions to disclose the *admissibility* (or rather the nonadmissibility) of the proffered item. Questions which go merely to the weight to be accorded the item are not proper preliminary questions and should be reserved until regular cross examination.

Here the questions asked Davis before the identification was admitted disclosed both his independent basis for identification and that it was made upon Taylor's apprehension shortly after commission of the offense and not under unduly suggestive circumstances. The court therefore did not err in denying further preliminary questions. Taylor retained his due process right to attack the weight to be given the evidence during regular cross examination.

Finally, Taylor asserts insufficiency of the evidence to support conviction. The argument, however, merely amounts to a request that we reweigh the evidence and redetermine the credibility of the witnesses. This we may not do.

Judgment affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE.—Reported at 330 N.E.2d 351.