**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jun 22 2012, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEVEN E. RIPSTRA**
**MELISSA J. HALEY**
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARL E. THOMAS III, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 63A05-1108-CR-423 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PIKE CIRCUIT COURT
The Honorable Jeffrey L. Biesterveld, Judge
Cause No. 63C01-1006-FA-381

June 22, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Carl E. Thomas, III, appeals his conviction of Class A felony rape.[1] He presents three issues for our review: whether the State presented sufficient evidence to prove Thomas committed Class A felony rape; whether the trial court abused its discretion by allowing Thomas' sister to testify that Thomas stabbed her hand with a knife four years before a rape was alleged to have occurred; and whether the trial court abused its discretion by allowing the State to ask preliminary questions during Thomas' direct examination of a defense witness. We affirm.[2]

## FACTS AND PROCEDURAL HISTORY

At all times relevant to the crime charged, Thomas and his sister, D.W., lived with their father and two younger siblings.[3] D.W. is about two and a half years younger than Thomas. Beginning in 2007, just after Thomas turned eighteen years old, Thomas forced D.W. to engage in sexual intercourse with him "about twenty times." (Tr. at 51.) He wore "his Survivor knife [in a harness] around his shoulder" while he was raping her. (*Id.*)

The State charged Thomas with Class A felony rape pursuant to Indiana Code section 35-42-4-1, which in relevant part provides:

> (a) Except as provided in subsection (b), a person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:
> (1) the other person is compelled by force or imminent threat of force; . . .
> commits rape, a Class B felony.
>
> (b) An offense described in subsection (a) is a Class A felony if: . . .

---

[1] Ind. Code §§ 35-42-4-1(a)(1), 35-42-4-1(b)(2).
[2] We heard oral argument at the University of Southern Indiana on March 13, 2012. We thank the University staff for their hospitality and commend counsel on their advocacy.
[3] Their mother died in 2005.

(2) it is committed while armed with a deadly weapon . . . .

The information alleged that D.W. "was compelled by physical force" and Thomas was "armed with a deadly weapon, to-wit: a knife." (App. at 24.)

At trial, the State offered testimony from D.W. about a 2003 incident in the woods behind their house, when Thomas stabbed D.W.'s hand with the same knife that he wore during the rapes. During that incident, Thomas chased D.W., pushed her to the ground, stabbed her hand, and put his hand up her skirt to touch her genital area. Thomas instructed D.W. not to tell anyone what he had done. Because the stabbing caused sufficient injury and bleeding to require bandaging, Thomas also told D.W. to say she hurt her hand by falling in the woods. D.W. told her parents she had fallen in the woods and hurt her hand.

After D.W. had testified to about half of those facts, including that she had a scar from a time in 2003 when Thomas chased her, knocked her down, and stabbed her hand, Thomas objected and asserted her testimony about the stabbing was irrelevant because the incident occurred over four years before the time when the rapes were alleged to have occurred. The State argued the testimony was admissible as a "common scheme or plan," under Indiana Evidence Rule 404(b). (*Id.* at 47.) The trial court overruled Thomas' objection and allowed D.W. to finish testifying about the incident.

Thomas presented testimony at trial from his and D.W.'s father ("Father"). Thomas questioned Father about D.W.'s scar from the 2003 incident and about the layout of the family home and the extent to which squeaky doors and other noises could be heard throughout the home. The State requested permission to ask preliminary questions to

3

establish the relevance of Father's testimony.  Thomas objected to the preliminary questions about D.W.'s hand, alleging that the questions constituted cross-examination that should wait until Thomas had finished presenting his evidence.  The trial court overruled Thomas' objection and permitted the preliminary questions.

A jury found Thomas guilty.  The trial court entered judgment on the jury verdict and ordered a forty-year sentence, with no time suspended.

## DISCUSSION AND DECISION

1. Sufficiency of Evidence

Thomas does not challenge the sufficiency of the evidence supporting the jury finding he forced D.W. to have intercourse.  Rather, he challenges the finding that he committed the rape "while armed with a deadly weapon."  Ind. Code § 35-41-4-2(b)(2).  That finding elevates his conviction from a Class B felony to a Class A felony.

When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses.  *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).  We consider only the evidence favorable to the judgment and any reasonable inferences therefrom, and we affirm if the evidence and inferences "constitute substantial evidence of probative value to support the judgment."  *Id.*  We may reverse only when a reasonable juror could not find support for each material element of the offense.  *Id.*

Thomas claims:  "He was not Armed nor did He Threaten Her to Make Her Comply, She was Afraid Because of the 2003 Incident," (Appellant's Br. at 5), and "[t]he references to force, the threat of force or a weapon were only obliquely related to the alleged sexual

4

attacks." (*Id.*) We note Thomas's assertion that he was "not Armed," (*id.*), is contradicted by D.W.'s testimony that Thomas wore a knife strapped to his shoulder while he raped her.

In his brief, Thomas suggests the State had an obligation to demonstrate he committed rape "by using or threatening the use of deadly force." (*See*, *e.g.*, *id.*) However, the State's charging information explicitly states that Thomas was charged with a Class A felony because he was "armed with a deadly weapon." (Appellant's App. at 24, citing Ind. Code § 35-42-4-1(b)(2).)

At oral argument, Thomas's counsel asked that we read into that subsection an additional requirement that the defendant threaten the use of the deadly weapon with which he was armed. We decline to accept Thomas's invitation, as the authority to define crimes belongs to our legislature, *State v. Downey*, 476 N.E.2d 121, 123 (Ind. 1985) ("The authority to define crime and establish penalties belongs to the legislature. A court cannot amend a statute . . . within its judicial authority to confine legislative products to constitutional limits."), *reh'g denied*, and our legislature made a clear statutory distinction between being "armed with a deadly weapon," Ind. Code § 35-42-4-1(b)(2), and "threatening the use of deadly force," Ind. Code § 35-42-4-1(b)(1). Accordingly, we may not graft into the "armed" subsection a requirement that there also be a threat to use the weapon. *See Alvies*, 905 N.E.2d at 62 (where State alleges only that defendant was armed with a deadly weapon, "there is no requirement that the State present evidence, direct or otherwise, that shows that the deadly weapon was held on the victim at all times.").

D.W. testified Thomas wore "his Survivor knife [in a harness] around his shoulder"

while he was raping her.  (Tr. at 51.)  This evidence was sufficient to prove he committed rape while "armed with a deadly weapon."

2.      Admission of Evidence

Thomas argues the court erred by allowing D.W. to testify about the 2003 incident in which Thomas stabbed D.W.'s hand with the knife he wore on his shoulder during the rapes.  We review a decision to admit or exclude evidence for an abuse of discretion.  *Dixson v. State*, 865 N.E.2d 704, 709 (Ind. Ct. App. 2007), *trans. denied.*  An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the trial court.  *Allen v. State*, 743 N.E.2d 1222, 1232 (Ind. Ct. App. 2001), *reh'g denied*, *trans. denied.*  We will not reverse for error in the admission of evidence "unless a substantial right of the party is affected."  Ind. Evid. Rule 103(a).  *See also* Appellate Rule 66 ("No error . . . is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

Thomas asserts he was prejudiced because the State used the 2003 stabbing to demonstrate "deadly force, or its threat, to elevate the Rape charge to a Class A felony." (Appellant's Br. at 8.)  However, as explained above, the Class A felony charge against Thomas did not require the State to demonstrate the use or threat of deadly force; Thomas was charged with a Class A felony because he was "armed with a deadly weapon."  (App. at 24.)  Because Thomas could not have been prejudiced by the admission of this evidence, we need not determine whether its admission was erroneous.

6

3.      Preliminary Questions of Defense Witness

Finally, Thomas asserts the trial court abused its discretion under Evidence Rule 611

by permitting the State to interrupt his direct examination of Father.  That Rule states:

> The court shall exercise reasonable control over the mode and order of
> interrogating witnesses and presenting evidence so as to (1) make the
> interrogation and presentation effective for the ascertainment of the truth, (2)
> avoid needless consumption of time, and (3) protect witnesses from
> harassment or undue embarrassment.

Evid. R. 611(a).  We give trial courts broad discretion with regard to decisions impacting the

order of the proceedings, and we review its decisions only for an abuse of that discretion.

*Vasquez v. State*, 868 N.E.2d 473, 476 (Ind. 2007).

The trial court is to determine "[p]reliminary questions concerning the qualification of

a person to be a witness, the existence of a privilege, or the admissibility of evidence."  Evid.

Rule 104(a).  With regard to the nature and purpose of preliminary questions, we have

explained:

> Ordinarily during the trial the opponent of a witness may not examine
> the witness until the proponent has completed his direct examination.
> However, since it is the function of the court to determine the admissibility of
> evidence, and in so doing to make a preliminary fact determination on the
> application of the rules of evidence to the matter at hand, the court may permit
> counsel opposing the witness to ask preliminary questions to disclose the
> admissibility (or rather the non-admissibility) of the proffered item.  Questions
> which go merely to the weight to be accorded the item are not proper
> preliminary questions and should be reserved until regular cross examination.

*Taylor v. State*, 164 Ind. App. 690, 691, 330 N.E.2d 351, 353 (1975).

Thomas asserts the trial court erroneously permitted the State to interrupt his

presentation of evidence by allowing the State to cross-examine Father during Thomas' direct

7

questioning regarding a cut on D.W.'s hand.[4]  The State counters that its questions were proper preliminary questions, intended to clarify whether the proposed testimony should be excluded as irrelevant.  Our review of the transcript revealed the State's questions clarified the year in which Father remembered D.W. cutting her hand, the type of injury, its location on her hand, which hand, and whether it was a fresh injury or already had begun to heal when Father saw it.  Those questions went to the relevance of Father's testimony, rather than merely its weight.

Furthermore, the interruptions to which Thomas objected occurred during questioning about an injury that D.W. allegedly received when stabbed in the hand in 2003 by Thomas with the knife he wore while raping her years later.  The events underlying the alleged stabbing incident were not relevant to any element of the crime with which Thomas was charged and convicted; he needed only to be armed with a weapon during the charged rape. Thomas therefore cannot demonstrate he was prejudiced by the State's interruption of irrelevant testimony.

**CONCLUSION**

D.W.'s testimony that Thomas had a knife strapped to his shoulder while he was raping her was sufficient to demonstrate Thomas committed rape while armed with a deadly

---

[4] Thomas also notes the State interrupted his questioning of Father about the layout of the house and whether sounds made on one end of the house could be heard on the other end of the house.  Thomas did not object to the interruptions during that line of questioning, many of which were objections to vague hypothetical questions being asked by defense counsel.  By failing to object, Thomas waived any allegation of error regarding those interruptions.  *See*, *e.g.*, *Treadway v. State*, 924 N.E.2d 621, 631 (Ind. 2010) (grounds for objection to trial court's procedural decisions cannot be changed or added to on appeal, and any such changed or additional arguments are waived for appeal).

weapon.  Because that testimony was sufficient to support his conviction, he was not harmed by testimony that he had threatened D.W. with a deadly weapon; nor has he demonstrated prejudice from the State's questions during Thomas' direct examination of Father.  We affirm his conviction of Class A felony rape.

Affirmed.

BAKER, J., and NAJAM, J., concur.