## SNEDEGAR *v.* STATE OF INDIANA.

[No. 24,585.    Filed February 5, 1926.    Rehearing denied May 20, 1926.    Reconsideration of petition for rehearing denied June 25, 1926.]

1.  INTOXICATING LIQUORS.—*Evidence held sufficient to connect defendant with operation of still though he was not owner of premises and lived elsewhere.*—Evidence *held* sufficient to connect defendant with the possession and operation of a still for the manufacture of intoxicating liquor, though he was not the title owner of the premises on which it was located and lived elsewhere.    p. 185.

2.  SEARCHES AND SEIZURES.—*Mistake in naming party alleged to be in possession does not invalidate search warrant or render search illegal.*—A mistake in naming the person alleged to be in possession of the things to be seized under a search warrant will not invalidate the warrant or render the search illegal so as to exclude evidence found on searching the premises, which were otherwise correctly and definitely described.    p. 185.

3.  SEARCHES AND SEIZURES.—*Essential requirements of search warrant are particular description of premises to be searched and the thing or things to be seized.*—Under the Constitution of Indiana (Art. 1, §11, §63 Burns 1926), the essential requirements of a valid search warrant are that it particularly describes the place to be searched and the specific thing or things to be seized.    p. 185.

4.  SEARCHES AND SEIZURES.—*Sole purpose of a search warrant is the discovery and seizure of specific articles which constitute or contain evidence of a crime.*—The sole purpose of a search warrant is the discovery, at a particular place, and seizure by the officer charged with its service, of specific articles which constitute or contain evidence of a crime.    p. 185.

5.  INTOXICATING LIQUORS.—Evidence *held* sufficient to show probable cause for issuing search warrant to search certain premises for discovery of still and distilling apparatus for manufacturing intoxicating liquor.    p. 186.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Thomas S. Snedegar was convicted of having in his possession a still and distilling apparatus for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*E. W. Hoover* and *Delos A. Alig,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

MYERS, J.—On September 29, 1923, appellant, in the court below, by affidavit, was charged with unlawfully having in his possession a still and distilling apparatus for the manufacture of intoxicating liquor. Acts 1923 p. 107. Thereafter, he was tried and convicted. He assigns as error the overruling of his motion for a new trial wherein it is asserted that the decision of the court is not sustained by sufficient evidence and is contrary to law; also that the court erred in admitting certain documents and testimony in evidence.

It appears from the undisputed evidence that appellant, on September 14, 1923, and for a month continuously prior thereto, had the active supervision and was in control of a certain sixty-eight-acre tract of farm land situate in Floyd township, Putnam county, Indiana, on which, and about 100 to 150 yards from a public highway, was located one dwelling house, a small barn and small outbuildings; that the title of this land was in Espie S. Snedegar, who, from the statements of appellant, was his son. To those who lived in the neighborhood of this farm, appellant represented that his name was Jones. At the trial, the witnesses identified Jones as the man on trial by the name of Thomas S. Snedegar. On September 14, 1923, an affidavit for a search warrant in the form prescribed by statute was filed with the mayor of the city of Greencastle, who thereupon issued a search warrant to Julius Bryan commanding him to search the house, barn and outbuildings on the sixty-eight-acre tract of land, fully described in the affidavit and in the search warrant, for intoxicating liquors, stills and devices kept for the pur-

pose of manufacturing intoxicating liquor. Pursuant to the command of this warrant, but in the absence of appellant, Bryan with others, including the sheriff of Putnam county, entered the house above mentioned, where, in an upstairs room, they found one complete 150-gallon still in operation, about seventy-five gallons of white mule whisky in jugs and in one barrel, and several gallons of mash. Otherwise, the house was practically empty.

Appellant, who said to his Putnam county neighbors that his home was in Greenwood, Indiana, claimed that he was out on this farm arranging to improve it in the way of new buildings for the owner who was a boy. The evidence shows that appellant was about the house from three to four days a week; that he had a small truck which he used to travel about the country; that he would come and go at all times day and night, his truck, to appearances, usually loaded with empty chicken coops. He had a bunch of chickens about the house and gave out the information that he was in the chicken business. It appears that, upon one occasion, eighteen or twenty twenty-five-pound sacks of sugar and two jugs were seen in his truck practically hidden by chicken coops. He was also seen to have barrels in his truck. Residents of that neighborhood and adjoining landowners, in passing along the road in front of this house, observed what appeared to be steam coming from a sump near the house and also a hose leading from an upstairs window down to the ground. They also smelled an odor which they described as coming from sour mash similar to mash for hog food.

Prior to the filing of the affidavit before the mayor of Greencastle, the circumstances and activities of appellant in, around and about the premises described in the affidavit were brought to the attention of Bryan, a

prohibition enforcement officer, and other peace officers of Putnam county by residents of the vicinity of the searched premises, some of them testifying at the trial. The officers, on entering the yard, detected the odor of the cooking mash and, before entering the house, found that the well on the premises was greatly impregnated with sour mash refuse.

In the face of the foregoing evidence recitals, appellant insists that there was no evidence connecting him with the premises, or with the possession or operation of the still or other apparatus and whisky found as a result of the search. He seems to rely upon the showing that he was not at the premises at the time the search was made, and was not the owner of the premises described in the search warrant. These facts were merely circumstances to be considered along with others in determining the issue of possession, but they were not conclusively influential on that issue. The finding of the court is not only sustained by the evidence, but it is not contrary to law for want of evidence.

Appellant also asserts that the admission of the affidavit and the search warrant in evidence, as well as the testimony of the officers as to the result of the search, was improper and constituted harmful error. His insistence in these particulars is not well taken. The search warrant does name Espie S. Snedegar as the person who has in his possession stills, implements, devices and property kept for the manufacture of intoxicating liquors at the premises fully described, and which the evidence shows was searched and where the still, etc., were found. While it appears that Espie S. Snedegar owned the premises, the evidence justified the inference that appellant was the acting dominating person in control. The place to

be searched and the things to be seized were particularly and definitely described, and although there was a mistake in naming the person in possession of the things to be seized, such mistake will not invalidate the warrant or render illegal the search, for it is the certainty of place and the specific articles there possessed which are the vital elements of a valid search warrant. Art. 1, §11, Constitution of Indiana; §8338 Burns 1914. Naming the person in possession, as was done in this case, may be treated as information for locating the place. In short, the sole purpose of a search warrant is the discovery, at a particular place, and seizure by the officer charged with its enforcement, of specific articles which constitute or contain evidence of crime.

On the question of probable cause, it will be sufficient to say that the evidence well supports the inference that, prior to and at the time the officer made the affidavit upon which the search warrant was issued, he was advised of appellant's activities in and about the premises searched, substantially as heretofore stated, by reliable persons residing in the neighborhood of the alleged violation. The source of his information was not anonymous in any sense, nor was it of such a character as would cause a reasonably prudent person to question its verity. For aught appearing, these circumstances were before the mayor issuing the warrant, and if so, the question of probable cause is not open for argument. There was no error in admitting the questioned evidence.

Judgment affirmed.

Travis, J., concurs in conclusion.