**Andrew L. WARREN, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S00–0011–CR–00634.

Supreme Court of Indiana.

Jan. 10, 2002.

Kurt A. Young, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

For a June 1999 incident involving two deaths, Andrew Warren was convicted of two counts of murder[1] and one count of conspiracy to commit robbery.[2] In this appeal he argues that the trial court committed reversible error by denying his motion to suppress predicated on a faulty search warrant.

After finding two victims of fatal gunshot wounds, the police concluded that the crime scene was the result of a captive getting free and shooting his attacker. Evidence at the scene also led police to believe another person was involved. The police identified the deceased attacker as Christopher Fox and sought a warrant for his residence to gather evidence of the scheme that resulted in the deaths of the two men. Fox's apartment lease also listed Aaron Warren as an occupant of the apartment. While executing the warrant the police discovered identification cards and driver's licenses in the names of both Aaron and Andrew Warren. These documents bore the pictures of the same person. After learning that Aaron Warren could not have lived in the apartment in 1999, the police investigation focused on

---

1. Ind.Code § 35–42–1–1.

2. Ind.Code § 35–41–5–2; Ind.Code § 35–42–5–1.

Andrew Warren, eventually resulting in his convictions and this appeal.

■ The defendant contends that the search was improper because it was executed pursuant to a general warrant which granted unbridled discretion to the police regarding the items sought in violation of the search and seizure clauses of the United States and Indiana Constitutions.[3] The Fourth Amendment to the United States Constitution requires search warrants to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. The United States Supreme Court has stated:

> General warrants, of course, are prohibited by the Fourth Amendment. "[T]he problem [posed by the general warrant] is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings.... [The Fourth Amendment addresses the problem] by requiring a 'particular description' of the things to be seized." *Coolidge v. New Hampshire,* 403 U.S. 443, 467[, 91 S.Ct. 2022, 2038–39, 29 L.Ed.2d 564, 583] (1971). This requirement " 'makes general searches ... impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.' " *Stanford v. Texas,* 379 U.S. 476, 485[, 85 S.Ct. 506, 512, 13 L.Ed.2d 431, 437] (1965), quoting *Marron v. United States,* 275 U.S. [192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231, 237 (1927) ].

*Andresen v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627, 642 (1976). A warrant that leaves the executing officer with discretion is invalid. *Hes-*

ter v. State, 551 N.E.2d 1187, 1190 (Ind.Ct. App.1990).

■ In this case the warrant listed the items to be seized as "guns, ammunition, gun parts, lists of acquaintances, blood, microscop0ic [sic] or trace evidence, silver duct tape, white cord and any other indicia of criminal activity including but not limited to books, records, documents, or any other such items." Supp. Record at 20. The defendant argues that this warrant is "without any practical limit as to the items for which a search may be conducted." Br. of Appellant at 16. We agree that the phrase "any other indicia of criminal activity including but not limited to books, records, documents, or any other such items" grants an officer unlawful unbridled discretion to conduct a general exploratory search. The infirmity of this catchall language does not doom the entire warrant, however, but rather only requires the suppression of the evidence seized pursuant to that part of the warrant but not the suppression of the evidence obtained pursuant to the valid specific portions of the warrant. *See United States v. Greene,* 250 F.3d 471, 477 (6th Cir.2001); *United States v. Reed,* 726 F.2d 339, 342 (7th Cir.1984).

■ The defendant argues that the identification cards and driver's licenses were seized pursuant to the catchall language. We disagree. Because they contained photos depicting the same person as Fox's roommate, the identification cards are within the "lists of acquaintances" description on the search warrant. The police properly seized these items because they were particularly described in the warrant.

---

**3.** Because Warren does not argue that the search and seizure provision in the Indiana Constitution requires a different analysis than the federal Fourth Amendment, his state constitutional claim is waived, and we consider only the federal claim. *Williams v. State,* 724 N.E.2d 1093, 1097 n. 5 (Ind.2000); *Brown v. State,* 703 N.E.2d 1010, 1015 n. 4 (Ind.1998); *Fair v. State,* 627 N.E.2d 427, 430 n. 1 (Ind. 1993).

We discern no error in the denial of the defendant's motion to suppress.

### Conclusion

The defendant's convictions are affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.