Rodney WILLIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0203–CR–213.

Court of Appeals of Indiana.

Dec. 30, 2002.

424

Bruce E. Andis, Ann M. Sutton, Marion County Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Rodney Willis appeals his conviction for possession of cocaine. In particular, Willis argues that the search of the hotel room in which he was a casual visitor violated his rights against unreasonable search and seizure under Article I, Section 11 of the Indiana Constitution. Because the State did not contest Willis' standing to challenge the search under the Indiana Constitution and because we also find the search to be unreasonable under the totality of the circumstances, we reverse.

## Facts and Procedural History

On the evening of January 5, 2001, Indiana State Police Officer Daniel Madison reported to the Dollar Inn on Harding Street in Indianapolis after receiving a complaint of suspicious activity. Upon his arrival, Officer Madison was provided an occupancy list for each room by the hotel management. He reviewed the list and observed that Steve Hamilton, a white male he had met days before, rented Room 218 (the hotel room). Then, Officer Madison, accompanied by Officer Smith, went to the hotel room because "based on [his] experience, walking through the hotel, talking to the management, there was a problem at room 218." Tr. p. 9. When Officer Madison approached the hotel room door, he could not hear or see anything suspicious about the activities occurring inside because the door was closed.

Officer Madison knocked on the hotel room door, and Willis, an African–American male, opened the door. Officer Madison also noticed that Cheryl Sladovnic, a woman who was barred from being at that Dollar Inn, was present in the hotel room. He did not see Steve Hamilton. Upon seeing the police officer, Willis quickly slammed the door shut. Officer Madison remained in front of the door and continued knocking on it for several minutes until Willis opened the door again. Willis opened the door, told the officers that he could not consent to their entry because the room was not his, and shut the door again. Officer Madison resumed knocking.

After knocking for several minutes and waiting for Willis to respond, Officer Madison sent Officer Smith to speak with the hotel management and to retrieve a master key. The entire time Officer Smith was away, Officer Madison remained in front of the hotel room door. When Officer Smith returned with the key, Officer Madison knocked again, announced his intent to enter, and opened the door. The door was blocked by a table, and Willis refused to comply with his orders and forcibly resisted his arrest. Upon subduing and arresting Willis, Officer Madison located Sladovnic and another woman in the bathroom area. He arrested both women for criminal trespass because they were both on a list banning them from the hotel. Later, Officer Madison found crack cocaine on a table in the main room near Willis, a crack pipe in one of the women's pocket, and a plastic baggie with crack cocaine in the restroom.

Thereafter, the State charged Willis with Count I, Possession of Cocaine, a Class D felony;[1] Count II, Resisting Law Enforcement, a Class A misdemeanor;[2] Count III, Criminal Trespass, a Class A misdemeanor;[3] and Count IV, Visiting a Common Nuisance, a Class B misdemeanor.[4] Willis filed a motion to suppress the cocaine found in the room, which the trial court denied. Willis then sought an interlocutory appeal and a stay of the proceedings that the trial court also denied. During the bench trial, Willis moved for and was granted judgment on the evidence as to the trespass and visiting a common nuisance charges. Subsequently, Willis was convicted of possession of cocaine and resisting. Willis now appeals his conviction only as to the possession of cocaine.

## Discussion and Decision

Willis makes several arguments on appeal, one of which we find dispositive: whether, under Article I, Section 11 of the

---

1. Ind.Code § 35–48–4–6(a).

2. Ind.Code § 35–44–3–3(a)(1).

3. Ind.Code § 35–43–2–2(a)(1).

4. Ind.Code § 35–48–4–13(a).

Indiana Constitution, the search of the hotel room was unreasonable.

### A. Standing

We initially observe that generally a defendant may not succeed in a complaint of an unreasonable search unless he has standing to do so. The State must raise a defendant's lack of standing at the trial court level in order to preserve it for appeal. *Everroad v. State*, 590 N.E.2d 567, 569 (Ind.1992). Thus, "[w]here the prosecution has failed to make any trial court challenge to standing, the government may not raise the issue for the first time on appeal." *Id.* "Likewise, in resolving a claim of unlawful search and seizure, an appellate court should not invoke lack of standing *sua sponte.*" *Id.; cf. Family Dev., Ltd. v. Steuben County Waste Watchers, Inc.*, 749 N.E.2d 1243, 1255 n. 10 (Ind.Ct.App.2001) (disapproving of civil cases holding that appellate court may raise issue of standing *sua sponte* on appeal), *reh'g denied.*

In this case, Willis claims that the search of the hotel room was unconstitutional both under the Fourth Amendment of the United States Constitution and under Article I, Section 11 of the Indiana Constitution. In turn, the State challenged whether Willis had a reasonable expectation of privacy in the hotel room for purposes of the federal constitutional claim but did not challenge his standing to the Indiana constitutional claim. In determining whether a person's Fourth Amendment rights have been violated, the U.S. Supreme Court has determined that the "definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing." *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Therefore, the U.S. Supreme Court rejected "the rubric of 'standing' doctrine" when analyzing Fourth Amendment rights and instead determined that "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 87–88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). On the other hand, analysis under the Indiana Constitution has retained a standing requirement in which "a defendant must establish ownership, control, possession, or interest in either the premises searched or the property seized." *Peterson v. State*, 674 N.E.2d 528, 534 (Ind.1996); *see also Smith v. State*, 744 N.E.2d 437, 440 (Ind. 2001); *Mays v. State*, 719 N.E.2d 1263, 1267 (Ind.Ct.App.2000), *trans. denied.* The state standing inquiry is in contrast to the federal analysis. *Peterson*, 674 N.E.2d at 534 n. 3.

Although the need to inquire into standing differs at state and federal levels, the State failed to raise the issue of Willis' standing under the Indiana Constitution either to the trial court or to the appellate court. We may have found this to be harmless error if the standard for challenging Willis' reasonable expectation of privacy under the Fourth Amendment were the same as the Indiana constitutional standing requirement under Article I, Section 11. Because the standards are different, the State has waived the argument of standing as to the Indiana constitutional claim. Because the State failed to raise standing under the Indiana Constitution and because we cannot raise the issue *sua sponte*, we proceed to the merits of the state constitutional challenge.

### B. Reasonableness of Search

Article I, Section 11 of the Indiana Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no

warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

*Mitchell v. State,* 745 N.E.2d 775, 785 (Ind. 2001). "[T]he purpose of Article [I], § 11 is to protect from unreasonable police activity, those areas of life that Hoosiers regard as private." *Moran v. State,* 644 N.E.2d 536, 540 (Ind.1994), *reh'g denied.* In determining whether the police behavior was reasonable under Section 11, the Court must consider each case on its own facts and construe the constitutional provision liberally so as to guarantee the rights of people against unreasonable searches and seizures. *Brown v. State,* 653 N.E.2d 77, 79 (Ind.1995). "Houses and premises of citizens receive the highest protection." *Moran,* 644 N.E.2d at 540. The burden is placed on the State to show that under the totality of the circumstances, the police officers' intrusion was reasonable. *State v. Gerschoffer,* 763 N.E.2d 960, 965 (Ind. 2002).

 In this case, we find that the State has failed to meet its burden of showing that the forced entry into the hotel room and the search incident to the arrests, which resulted in the discovery of the cocaine, were reasonable under the totality of the circumstances. Generally, warrantless searches and seizures inside a home are presumptively unreasonable. *Krise v. State,* 746 N.E.2d 957, 961 (Ind. 2001). A hotel room is a "home" for Fourth Amendment purposes, *see Armour v. State,* 762 N.E.2d 208, 213 (Ind.Ct.App. 2002), *trans. denied;* accordingly, we hold the same for purposes of Article I, Section 11 of the Indiana Constitution. The Indiana Constitution forbids the warrant-less entry into the home for purposes of arrest or search unless supported by a judicially issued warrant or exigent circumstances exist that fit within certain narrowly defined exceptions. *Hawkins v. State,* 626 N.E.2d 436, 438–39 (Ind.1993). Exigent circumstances that justify a warrantless search include: (1) risk of bodily harm or death; (2) to aid a person in need of assistance; (3) to protect private property; and (4) actual or imminent destruction or removal of evidence before a search warrant may be obtained. *Sloane v. State,* 686 N.E.2d 1287, 1293 (Ind.Ct.App.1997), *trans. denied; see also Snellgrove v. State,* 569 N.E.2d 337, 340 (Ind.1991) (listing "hot pursuit" and "movable vehicles" also as exigent circumstances). The State bears the burden of proving that an exception to the warrant requirement existed at the time of the search. *Krise,* 746 N.E.2d at 961.

 Here, we find no evidence that would support the warrantless entry into the hotel room [5] based on the existence of any exigent circumstances. In particular, we are not persuaded that Hamilton, the renter of the hotel room, may have been in need of aid. The officers approached the room because of suspected criminal activity, possibly drug-related. There was no report of violence, serious bodily injury, or risk of death. As the officers approached the door, they could not see or hear anything inside the hotel room. The fact that Willis answered the door instead of Hamilton, the renter, in no way suggests that Hamilton was in any danger. Nor does the fact that the officers did not see Hamilton imply that he must be in need of aid. Hamilton could have stepped out of the room for a moment; or, Hamilton could have been inside the room in a place that

---

**5.** We reiterate that because standing was not raised under the Indiana Constitution, it is irrelevant to this decision that Willis was merely a casual visitor to the "home" searched.

the officers could not see. There also was no indication in the record that evidence was in danger of being destroyed or that personal property was in need of protection. Therefore, we find that no exigent circumstances obviating the need for a warrant were supported by these facts.

 Our opinion is not changed when we also consider the fact that Willis repeatedly closed the door on the officers when they asked to enter the hotel room. Another well-established exception to the warrant requirement is a voluntary and knowing consent to search. *Id.* However, here, the State wishes to frame Willis' failure to consent to a search as an exigent circumstance necessitating their entry into the hotel room without a search warrant. This construction of the facts essentially eviscerates a person's right to deny consent to a search. Obviously, a person has no duty to consent to a search. Thus, because Willis' denial of consent cannot be used as an exigent circumstance, we find that the warrantless entry into the hotel room was not justified by this fact.

 Likewise, the forced entry of the officers was not reasonable based on the fact that a crime was being committed within the officers' presence, namely, the criminal trespass of Sladovnic. Ordinarily, the commission of a misdemeanor in an officer's presence supports probable cause to arrest. Ind.Code § 35–33–1–1(a)(4). However, before entry into a home to effectuate a misdemeanor arrest without a warrant, there must be exigent circumstances or another exception to the warrant requirement. *See Johnson v. State*, 747 N.E.2d 623, 631 (Ind.Ct.App.2001); *cf. Mowrer v. State*, 447 N.E.2d 1129, 1132

(Ind.Ct.App.1983) (explaining that "the constitutional protection of the home does not extend to those who voluntarily expose themselves to seizure by stepping into the open doorway."). In this case, although the police officers had probable cause to arrest Sladovnic, there were no exigent circumstances to justify their warrantless entry into the "home." Nor did Sladovnic expose herself to seizure by putting herself in the open doorway, outside of the privacy of the hotel room. Therefore, the fact that the officers' motivation in entering the hotel room may have been to arrest Sladovnic does not make their entry and subsequent search of the room reasonable.

A better approach here would have been for one officer to guard the hotel room door while the other officer sought an arrest warrant for Sladovnic and a search warrant for the hotel room. *See Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) (requiring both arrest and search warrants when seizing arrestee in home of third party). Alternatively, since the crime was a misdemeanor, the officers could have sought an arrest warrant after leaving the premises and attempted to execute it at a later date.[6] Instead, the officers chose to force their way into the hotel room, without consent, and thereby invade the private hotel room. In commenting on the desire for police officers to seek warrants, the Indiana Supreme Court has noted:

> When armed with probable cause, law enforcement officers are faced with a continuum of ostensibly reasonable activity, from doing nothing to search and seizure. Seeking a warrant is a means for them to reduce the risk that their

---

**6.** *See State v. Straub*, 749 N.E.2d 593, 597 (Ind.Ct.App.2001) ("With regard to minor offenses, the Court has stated that the presumption of unreasonableness which attaches to the warrantless entry by the police into a

home is difficult to rebut, and that the government should usually be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate.").

proposed intrusive activity will fall outside that continuum, and that evidence will have to be suppressed in court.

. . . .

This preference for warrants is based on the belief that a neutral and detached magistrate is more likely to be a fair evaluator of the relevant circumstances than the police officer actively involved in investigating a particular crime.

*Brown,* 653 N.E.2d at 80.

■ Because the arrests in this case were unlawful, we conclude that the search incident to those arrests was also unreasonable. The Indiana Constitution requires that evidence discovered as a result of an unreasonable search must be suppressed. *Brown,* 653 N.E.2d at 80. Thus, the trial court improperly admitted the cocaine into Willis' trial.

■ Willis argues that, without the admission of the cocaine, the evidence presented at trial was insufficient to sustain his conviction for possession of cocaine. We agree. In reviewing a sufficiency claim, this Court will affirm the conviction unless we conclude that no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Bethel v. State,* 730 N.E.2d 1242, 1243 (Ind.2000). In this case, Willis was charged with possession of cocaine. With the cocaine being suppressed, the evidence is insufficient to convict Willis.

Judgment reversed.

BAKER and BARNES, JJ., concur.