George SISK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0205–CR–394.

Court of Appeals of Indiana.

March 18, 2003.

Aaron E. Haith, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant George Sisk (Sisk) appeals the denial of his Motion to Sup-

press evidence of his possession of crack cocaine. We affirm.

## Issue

Sisk presents for review the sole issue of whether the trial court erroneously denied the motion to suppress predicated upon a faulty search warrant.

## Facts and Procedural History

On August 2, 2000, shortly after 10:00 p.m., Indianapolis police officers went to 1125 N. Winfield Avenue to conduct a search for cocaine pursuant to a search warrant issued a few hours earlier. The warrant authorized the officers to search the premises at 1125 N. Winfield Avenue and the person of "Antonio Hardin."

Officer Ed Bruce positioned himself behind the residence. He heard shouting of "Search Warrant" and "It's the police." Officer Bruce then observed Sisk running across the field next to 1125 N. Winfield Avenue.

When Sisk was approximately five to ten feet from Officer Bruce, he looked at Officer Bruce and tossed something away from himself. Officer Bruce yelled "Stop. Police." Officer Thomas Tyson handcuffed Sisk while Officer Bruce recovered the discarded object. The object was a plastic baggie containing a white chunk of material subsequently identified as 18.7539 grams of crack cocaine.

Sisk was charged with dealing in cocaine, Indiana Code section 35-48-4-1, possession of cocaine, Indiana Code section 35-48-4-6, and resisting arrest, Indiana Code section 35-44-3-3. On November 8, 2000, he filed a motion to suppress. On January 9, 2001, the trial court conducted a hearing and, at its conclusion, denied the motion to suppress. Sisk filed a petition for interlocutory appeal, which was denied by this Court. Sisk's jury trial commenced on January 28, 2002, and he was convicted of all counts. The trial court entered judgment on the dealing in cocaine and resisting arrest verdicts and sentenced Sisk to terms of imprisonment of thirty-five years (with fifteen years suspended) and one concurrent year, respectively. Sisk now appeals.

## Discussion and Decision

We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Methene v. State,* 720 N.E.2d 384, 387 (Ind.Ct.App.1999). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, we must also consider the uncontested evidence favorable to the defendant. *Id.*

The challenged search warrant provides in pertinent part:

> You are therefore AUTHORIZED and ORDERED, in the name of the State of Indiana, with the necessary and proper assistance, to enter into (upon) the following described residence (premises), (person), to wit: 1125 N. Winfield Av., Indianapolis, Marion County, Indiana which is described as a one story single family dwelling that is white in color and also for the person of Antonio Hardin B/M and the residences curtilage and there diligently search for the following described property to wit: Cocaine, an extract of Coca, a Schedule II controlled substance, all moneys, papers, records, documents, videos/photos, computer information or any other documentation which indicates or tends to indicate a violation or a conspiracy to violate the Indiana Controlled Substances Act.

(Ex. E, p. 13.)

Evidence adduced at the suppression hearing disclosed that a confidential informant (C.I.) advised Detective Michael Forrest (Detective Forrest) that C.I. had purchased cocaine at the residence at 1125 N. Winfield within the preceding seventy-two

hours. C.I. described the seller and indicated that he was known as "T" or probably "T-Loc." (Tr. 13.) Detective Forrest testified that he knew T-Loc to be Antonio Hardin, and he used the name Antonio Hardin in his affidavit to procure a search warrant. Testimony and documentary evidence indicated that Antonio Hardin, listed in the August 2, 2000 affidavit as the seller of cocaine at 1125 N. Winfield, was incarcerated in the Marion County Jail on August 2, 2000 and during the preceding seventy-two hours. Hardin testified that his permanent residence was at 1223 Centennial. Thus, Sisk challenged the warrant as unsupported by probable cause.

The State contends that Sisk lacked standing to challenge the search warrant authorizing the search of a third-party residence.

■ Article IV of the United States Constitution and Art. I, sec. 11 of the Indiana Constitution protect citizens from state intrusions into their homes. *Esquerdo v. State*, 640 N.E.2d 1023, 1026 (Ind. 1994). To establish a violation of Fourth Amendment rights, a defendant must demonstrate that he personally has an expectation of privacy in the place searched and that his expectation is reasonable. *Willis v. State*, 780 N.E.2d 423, 427 (Ind.Ct.App. 2002) (citing *Minnesota v. Carter*, 525 U.S. 83, 87–88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998)). Fourth Amendment rights against unreasonable search and seizure are personal. *Peterson v. State*, 674 N.E.2d 528, 532 (Ind.1996), *cert. denied*, 522 U.S. 1078, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998), citing *Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). A defendant "aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by the search of a third person's premises has not had any of his Fourth Amendment rights infringed." *Id.*

A defendant must have a legitimate expectation of privacy in that which is searched in order to challenge a search as unconstitutional. *Id.* Even if a search was without probable cause, a defendant has no constitutional right to challenge the search or seizure of another person's property. *Johnson v. State*, 472 N.E.2d 892, 898 (Ind. 1985).

■ Indiana law has also imposed a requirement of standing to challenge a search or seizure. *Peterson*, 674 N.E.2d at 534. While the inquiry into standing under the Indiana constitutional provision places a significant focus on the premises searched, like the applicable Fourth Amendment focus, independent consideration is directed to the defendant's interest in the property seized. *Id.* If the facts fail to establish that the alleged illegal search and seizure actually concerned the person, house, papers or effects of the defendant, he will not have standing to challenge the illegality. *Id.* (citing *Earle v. State*, 194 Ind. 165, 168, 142 N.E. 405, 406 (1924)).

■ Although a defendant may not generally succeed in a complaint of an unreasonable search unless he has standing to do so, the State must raise a defendant's lack of standing at the trial court level in order to preserve it for appeal. *Everroad v. State*, 590 N.E.2d 567, 569 (Ind.1992). Here, the State failed to do so. As a result, there was no evidence introduced at the suppression hearing from which the trial court could ascertain whether or not Sisk had either a legitimate expectation of privacy in the premises or whether he was claiming a possessory interest in the property seized. As such, we turn to the merits of the probable cause challenge to the search warrant.

■ Probable cause to search premises is established when a sufficient basis of fact exists to permit a reasonably prudent

person to believe that a search of those premises will uncover evidence of a crime. *Esquerdo v. State,* 640 N.E.2d at 1029. The warrant statute, Indiana Code section 35–33–5–2, specifies the minimum information necessary to establish probable cause. *Id.* Its provisions require a particular description of either (A) the house or place to be searched and the things to be searched for; or (B) the person to be arrested. IND.CODE § 35–33–5–2(a). When the supporting affidavit is based on hearsay, the affidavit must either: (1) contain reliable information establishing the credibility of the source and declarants and establishing a factual basis for the information furnished; or (2) contain information that establishes that the totality of the circumstances corroborates the hearsay. IND. CODE § 35–33–5–2(b).

█ Sisk does not claim either that the warrant failed to describe the premises with particularity or that the credibility of C.I. was suspect. Rather, Sisk claims that Detective Forrest's insertion of the name "Antonio Hardin" without photographic verification by the C.I. tainted the probable cause determination and invalidated the warrant. We disagree.

█ In *Snedegar v. State,* 198 Ind. 182, 150 N.E. 367 (1926), our Supreme Court held that a search warrant was not invalid or the ensuing search illegal because the warrant wrongly named the owner of the premises as the owner of a distilling apparatus. The Court stated, in pertinent part, as follows:

> [A]lthough there was a mistake in naming the person in possession of the things to be seized, such mistake will not invalidate the warrant or render illegal

the search, for it is the certainty of place and the specific articles there possessed which are the vital elements of a valid search warrant.... Naming the person in possession, as was done in this case, may be treated as information for locating the place. In short, the sole purpose of a search warrant is the discovery, at a particular place, and seizure by the officer charged with its enforcement, of specific articles which constitute or contain evidence of crime.

*Id.* at 368 (internal citation omitted).

Here, the place to be searched was described by address and by its physical appearance. The items to be seized were clearly specified. The authorization to search the person of "Antonio Hardin" granted by the challenged warrant did not thereby grant the officers unbridled discretion to conduct a general exploratory search prohibited by the Fourth Amendment. *See Warren v. State,* 760 N.E.2d 608, 610 (Ind.2002). The officers were authorized to search the premises and curtilage of 1125 N. Winfield Avenue and to seize cocaine and related items. They conducted their search accordingly. Sisk was not arrested due to misapprehension that he was Antonio Hardin.[1]

### Conclusion

In light of the foregoing, the trial court did not err in denying the motion to suppress.

Affirmed.

ROBB, J., and BARNES, J., concur.

---

1. The State has alternatively argued on appeal that Sisk was not seized pursuant to the warrant for the search of 1125 N. Winfield, but rather was detained on a *Terry* stop, and thus the validity of the warrant is irrelevant.

*See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We need not address this argument on the merits, as it was not raised in the trial court.