# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Jul 31 2020, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Marietto V. Massillamany
Erica Guernsey
Massillamany Jeter & Carson LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jay R. Smithhart,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 31, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2840<br><br>Appeal from the Madison Circuit<br>Court<br><br>The Honorable Andrew R.<br>Hopper, Judge<br><br>Trial Court Cause No.<br>48C03-1903-F2-726 |

**Crone, Judge.**

# Case Summary

[1] Police stopped a car in which Jay R. Smithhart was a passenger, searched the car without a warrant, and found drugs and paraphernalia. Smithhart was charged with and found guilty of several drug-related offenses. On appeal, Smithhart argues that the trial court erred in admitting evidence obtained from the car. We affirm.

# Facts and Procedural History

[2] On March 22, 2019, Elwood Police Department Canine Officer Matt Mills stopped a car for failing to dim its high-beam headlights. Officer Mills approached the car and asked the driver, Britleigh Wood, and the front-seat passenger, Smithhart, for identification. Neither Wood nor Smithhart had a driver's license. The officer returned to his vehicle and gave their personal information to dispatch; the BMV database did not indicate that Wood had a valid license. Sergeant Marcus Shoppell arrived to assist Officer Mills, and they asked Wood and Smithhart to exit the car. Officer Mills walked his canine toward the car. The canine pulled the officer toward the driver's side, placed his head on the driver's seat, and alerted to the scent of illegal drugs. Officer Mills asked Wood and Smithhart "if there was anything in the vehicle that [he] needed to be made aware of." Tr. Vol. 2 at 132. They said no, and the officers searched the car.

[3] Officer Mills found a plastic baggie on the driver's seat that contained what appeared to be methamphetamine. At that point, the officer detained Wood

and Smithhart. Officer Mills also found a loaded handgun in the driver's-side door pocket and a black zippered bag on the back seat. The officer opened the bag and saw small baggies containing chunks that field-tested positive for methamphetamine. The bag also contained syringes, cut straws with residue, three digital scales, packages of suboxone sublingual strips, and baggies both with and without residue. Sergeant Shoppell found a floral zippered bag on the front passenger's-side floorboard. The sergeant opened the bag and found a credit or debit card bearing Wood's name, syringes, and baggies that contained what was later confirmed to be methamphetamine and heroin. The officers also found two cell phones in the car, one of which was later linked to Smithhart and forensically examined. Officer Mills learned that the car did not belong to either Wood or Smithhart.

[4]     The State ultimately charged Smithhart with level 2 felony dealing in methamphetamine, level 3 felony possession of methamphetamine, level 5 felony dealing in a narcotic drug (heroin), level 6 felony possession of a narcotic drug (heroin), level 6 felony unlawful possession of a syringe, level 6 felony maintaining a common nuisance, class A misdemeanor possession of a controlled substance (suboxone), and class C misdemeanor possession of paraphernalia. The State also alleged that Smithhart was a habitual offender. Smithhart filed a motion to suppress the evidence seized from the car. The trial court held a hearing and issued an order denying the motion. After a trial, the jury found Smithhart guilty of both dealing in and possession of methamphetamine, possession of a narcotic drug, unlawful possession of a

syringe, and possession of a controlled substance, and acquitted him of the remaining charges. Smithhart waived jury trial on the habitual charge. The trial court found him to be a habitual offender and sentenced him to forty years. Smithhart now appeals.

## Discussion and Decision

## Section 1 – Smithhart has no standing to challenge the search of the car under the Indiana Constitution.

[5] Smithhart first contends that the trial court erred in admitting the evidence seized from the car; he makes a separate argument regarding the evidence seized from the two zippered bags found in the car, which we address below. He claims that the search of the car violated Article 1, Section 11 of the Indiana Constitution, which provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

Evidence obtained in violation of this provision is generally inadmissible at trial; the principal purpose of the exclusionary rule is to deter violations of constitutional rights. *Anderson v. State*, 961 N.E.2d 19, 32 (Ind. Ct. App. 2012), *trans. denied*. "Generally, evidentiary rulings are reviewed for an abuse of discretion and reversed when admission is clearly against the logic and effect of the facts and circumstances." *Curry v. State*, 90 N.E.3d 677, 683 (Ind. Ct. App.

2017), *trans. denied* (2018). "However, when a challenge to an evidentiary ruling is predicated on the constitutionality of a search or seizure of evidence, it raises a question of law that is reviewed de novo." *Id.* We may affirm a trial court's evidentiary ruling on any theory supported by the evidence. *Satterfield v. State*, 33 N.E.3d 344, 352 (Ind. 2015).

[6] As a threshold matter, the State asserts that Smithhart does not have standing to challenge the search of the car. In *Campos v. State*, 885 N.E.2d 590 (Ind. 2008), the Indiana Supreme Court considered whether the passenger of a vehicle may challenge a search of the vehicle under Article 1, Section 11. Based on its determination that "federal precedent addressing standing of a passenger asserting an interest in a searched vehicle is equally applicable under the Indiana Constitution[,]"[1] the court agreed with the Tenth Circuit Court of Appeals that "[w]here the defendant offers sufficient evidence indicating that he has permission of the owner to use the vehicle, the defendant plainly has a reasonable expectation of privacy in the vehicle and standing to challenge the search of the vehicle." *Id.* at 598, 599 (quoting *United States v. Rubio-Rivera*, 917 F.2d 1271, 1275 (10th Cir. 1990)). The court noted that "[t]he only evidence in

---

[1] Although Article 1, Section 11 of the Indiana Constitution and the Fourth Amendment to the United States Constitution are virtually identical, Indiana courts generally have interpreted Section 11 separately and independently. *J.G. v. State*, 93 N.E.3d 1112, 1123 (Ind. Ct. App. 2018), *trans. denied*. "A Fourth Amendment analysis turns on whether the subject has a reasonable expectation of privacy, whereas a Section 11 analysis 'turns on whether the police conduct was reasonable under the totality of the circumstances.'" *Id.* (quoting *Carpenter v. State*, 18 N.E.3d 998, 1001-02 (Ind. 2014)). Smithhart does not challenge the legality of the traffic stop under either Section 11 or the Fourth Amendment, and he does not challenge the legality of the search of the car under the Fourth Amendment.

the record regarding the ownership of the car" came from Campos, the passenger, and Santiago, the driver; both men told the officer who stopped and searched the car that the car belonged to Campos's brother, and Campos said that he had permission to use it. *Id.* at 599. Because the State produced no evidence that the car was not owned by Campos's brother "or that Campos did not have permission to use it[,]" the court held that "Campos [had] standing to challenge the search of the car." *Id.*

[7] In this case, however, Smithhart offered no evidence that the owner of the car in which he was a passenger had given him permission to use it. Smithhart contends that no such evidence was required because permission was not at issue. But *Campos* indicates that permission is always at issue when a passenger challenges the legality of a vehicle search,[2] and that it is the defendant's burden to present evidence on that issue if the State does not.[3] It is axiomatic that "[t]he State has the burden to demonstrate that the measures it used to seize information or evidence were constitutional." *Curry*, 90 N.E.3d at 683. But that burden is contingent on the defendant establishing a legal basis for

---

[2] In *Jackson v. State*, 890 N.E.2d 11, 17 (Ind. Ct. App. 2008), the court addressed a passenger's challenge to the search of a car and noted that "permission to use the car did not appear to be at issue below[,]" perhaps because the trial was held before our supreme court decided *Campos*.

[3] We note that the State argued at the suppression hearing that Smithhart did not have standing to challenge the search of the car because he was a passenger, and it specifically raised permission as an issue in the proposed findings that it submitted to the trial court. *See* Appellant's App. Vol. 2 at 63 ("The evidence at the hearing was that neither the driver nor the defendant were [sic] the owner of the vehicle. There was no testimony that either had permission to be using the vehicle."). And in its order denying the motion to suppress, the trial court noted that Smithhart did not "provide any information as to his approved use of the vehicle." *Id.* at 82.

challenging the constitutionality of those measures in the first place, and Smithhart failed to establish that basis here.

## Section 2 – Smithhart has no standing to challenge the search of the bags under either the United States Constitution or the Indiana Constitution.

[8] Smithhart also contends that the trial court erred in admitting the evidence seized from the two bags found in the car, claiming that the warrantless searches violated both the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. Smithhart has no standing to make these claims.[4] "Fourth Amendment and Article 1, Section 11 rights are personal rights that may not be asserted vicariously." *Lewis v. Putnam Cty. Sheriff's Dep't*, 125 N.E.3d 655, 658 (Ind. Ct. App. 2019). "[A] defendant has no constitutional right to challenge the search or seizure of another person's property." *Chappel v. State*, 591 N.E.2d 1011, 1016 (Ind. 1992). In its order denying Smithhart's motion to suppress, the trial court noted that Smithhart "did not claim any of the possessions in the vehicle nor did he assert any interest in them." Appellant's App. Vol. 2 at 82. Smithhart made no claims of ownership at trial, and Sergeant Shoppell testified that both Smithhart

---

[4] "As this court has noted before, the United States Supreme Court has rejected the rubric of 'standing,' and determined that the definition of Fourth Amendment rights is 'more properly placed within the purview of substantive Fourth Amendment law than within that of standing.'" *Jackson*, 890 N.E.2d at 15 n.1 (quoting *Willis v. State*, 780 N.E.2d 423, 427 (Ind. Ct. App. 2002)). "In contrast, analysis under Article 1, Section 11 of the Indiana Constitution has retained a 'standing' requirement." *Id*. For ease of discussion, we use "standing" with respect to both the Fourth Amendment and Article 1, Section 11.

and Wood claimed that the floral bag "was not their bag[.]"  Tr. Vol. 2 at 115. In sum, Smithhart's argument is a nonstarter.[5]

## Section 3 – Smithhart has failed to establish that the trial court abused its discretion in admitting cell phone screenshots.

[9]     Finally, Smith argues that the trial court erred in admitting State's Exhibits 19 through 83, claiming that they should have been excluded pursuant to Indiana Evidence Rule 404(b).  At trial, Smith did not object to Exhibits 19 through 26 on Rule 404(b) grounds, so his argument is waived as to those exhibits.  *See Washington v. State*, 808 N.E.2d 617, 625 (Ind. Ct. App. 2004) ("[A]s a general rule, a party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court.  In such circumstances the argument is waived.") (citation omitted).

[10]    Exhibits 27 through 83 are screenshots of text conversations with over a dozen different persons on various dates that were extracted from one of the cell phones found in the car in which Smithhart was a passenger; the phone was accessed using a passcode that was divulged during a jailhouse phone conversation between the incarcerated Smithhart and a third party.  One of the incoming texts addresses the recipient as "Jay," State's Ex. 34, and one of the outgoing texts states, "This Jay bro[.]"  State's Ex. 60.  Anderson Police

---

[5] Smithhart also raises arguments regarding his motion to suppress, which are moot because he is appealing after a completed trial.  *See Godby v. State*, 949 N.E.2d 416, 420 n.12 (Ind. Ct. App. 2011) (explaining that a motion to suppress does not preserve an argument for appeal), *trans. denied*.

Department Detective Keith Gaskill testified that the slang-filled conversations indicate that the phone's owner facilitated numerous sales of illegal drugs, including methamphetamine and heroin. Smithhart objected to the exhibits based on Evidence Rule 404(b), which provides in relevant part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The trial court overruled the objection and admitted the exhibits.

[11]   "When addressing the admissibility of evidence under Rule 404(b), a trial court must utilize a two-prong analysis." *Scalissi v. State*, 759 N.E.2d 618, 623 (Ind. 2001). "First, the trial court must assess whether the evidence has some relevancy to a matter at issue other than the defendant's propensity to commit the charged act. Second, the trial court must weigh the probative value of the evidence against its prejudicial effect, pursuant to Indiana Evidence Rule 403." *Id*. Rule 403 provides, "The court may exclude relevant evidence[6] if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

---

[6] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Ind. Evidence Rule 401. Relevant evidence is admissible unless a constitution, statute, or rule provides otherwise, and irrelevant evidence is inadmissible. Ind. Evidence Rule 402.

delay, or needlessly presenting cumulative evidence." The inquiry is not whether the evidence is prejudicial, since all relevant evidence is inherently prejudicial in a criminal case; rather, the inquiry is whether the evidence is *unfairly* prejudicial. *Cadiz v. State*, 683 N.E.2d 597, 600 (Ind. Ct. App. 1997). "When determining the likely unfair prejudicial impact, courts will look for the dangers that the jury will substantially overestimate the value of the evidence or that the evidence will arouse or inflame the passions or sympathies of the jury." *Fuentes v. State*, 10 N.E.3d 68, 73 (Ind. Ct. App. 2014), *trans. denied*. "A trial court's evidentiary rulings are presumptively correct, and the 'defendant bears the burden on appeal of persuading us that the court erred in weighing [unfair] prejudice and probative value under Evid. R. 403.'" *Rivera v. State*, 132 N.E.3d 5, 12 (Ind. Ct. App. 2019) (quoting *Anderson v. State*, 681 N.E.2d 703, 706 (Ind. 1997)), *trans. denied* (2020).

[12] Smithhart contends that the exhibits relate only to his propensity to commit the charged acts of dealing methamphetamine and heroin, the latter of which he was acquitted. We disagree. The State points out that Smithhart's trial strategy "appeared to center around his denial that he possessed any of the illicit substances and paraphernalia, or—in the alternative—that if he did possess those items, he did not have any intent to deliver." Appellee's Br. at 28. *See* Tr. Vol. 3 at 179 (Smithhart's closing argument: "[I]f you find that what was find [sic] in that vehicle that night – was jointly possessed by both Britleigh Wood and Jay Smithhart – possibly possession is it. But intent to deliver I think the State is having a hard time."). The exhibits indicate that Smithhart had a ready

customer base for the methamphetamine and heroin that were found in the car, and thus they are probative of his intent to deal, rather than merely possess, those substances. The exhibits are clearly prejudicial, but Smithhart has failed to persuade us that their considerable probative value is substantially outweighed by the danger of unfair prejudice, i.e., that the trial court abused its discretion in admitting the exhibits. Therefore, we affirm.

[13] Affirmed.

Bailey, J., and Altice, J., concur.